UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JANE DOE (D.M),

    Plaintiff,

CASE NO:   3:23-cv-01310-TJC-JBT

v.

CROWLEY MARITIME CORPORATION,
CROWLEY GOVERNMENT SERVICES,
SEAFARERS HARRY LUNDEBERG
SCHOOL OF SEAMANSHIP, SEAFARERS
INTERNATIONAL UNION, ATLANTIC,
GULF, LAKES and INLAND WATERS,
AFL-CIO,

    Defendants.
_____/

## DEFENDANTS CROWLEY MARITIME CORPORATION AND CROWLEY GOVERNMENT SERVICES' MOTION TO DISMISS

Defendants, Crowley Maritime Corporation ("Crowley Maritime") and Crowley Government Services, Inc. ("Crowley Government Services") (collectively the "Crowley Defendants"), pursuant to Federal Rules of Civil Procedure ("Rule(s)") 12(b)(1) and 12(b)(6), hereby move this Court for an order dismissing Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

## BACKGROUND

This case arises from Plaintiff's service on the vessel USNS 2nd LT John P BOBO (T-AK 3008) ("USNS BOBO") during Phase II of the Seafarers Harry Lundeberg School of Seamanship and Seafarers International Union, Atlantic, Gulf,

Lakes and Inland Waters, AFL-CIO's Unlicensed Apprentice Program.[1]  Plaintiff alleges that she was sexually assaulted by her direct supervisor, Steward, Willie Frink (the "Steward"), while ashore at a hotel during the crew's "down time."[2]  Plaintiff brings claims against four defendants: (1) Crowley Maritime; (2) Crowley Government Services; (3) Seafarers Harry Lundeberg School of Seamanship ("SHLSS"); and (4) Seafarers International Union, Atlantic, Gulf, Lakes and Inland Waters, AFL-CIO ("SIU").  The Complaint alleges the following causes of action:

- (Count I) Jones Act Negligence against all Defendants;
- (Count II) Unseaworthiness against the Crowley Defendants;
- (Count III) Maintenance and Cure against the Crowley Defendants;
- (Count IV) Failure to Treat against the Crowley Defendants;
- (Count V) General Negligence against all Defendants; and
- (Count VI) Vicarious Liability against the Crowley Defendants.

Counts I, II, III, and IV should be dismissed, with prejudice, because this Court lacks subject matter jurisdiction over Plaintiff's claims.  In addition, Counts V and VI should be dismissed because as an employee of the Crowley Defendants, Plaintiff's sole remedy is under the Jones Act, and because Plaintiff's Complaint fails to state a claim under Rule 12(b)(6).

## MEMORANDUM OF LAW

**I. Pursuant to the exclusivity provisions of the Suits in Admiralty Act and the Public Vessels Act, Counts I, II, III and IV should be dismissed**

Rule 12(b)(1) provides that a party may assert lack of subject matter jurisdiction

---

[1] (Doc. 1) Complaint at 3 (¶¶ 13-15).
[2] (Doc. 1) Complaint at 4 (¶ 19), 5-6 (¶¶ 22-26).

by motion. "Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be asserted on either facial or factual grounds." *Carmichael v. Kellogg, Brown & Root Svcs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). Facial challenges are based solely on the allegations in the complaint and the Court must assume the truth of the allegations. *Id.* "However, where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits." *Id.* Here, the Crowley Defendants raise a factual attack on subject matter jurisdiction pursuant to the exclusivity clause of the Suits in Admiralty Act ("SAA"), which has been incorporated into the Public Vessels Act ("PVA"). *See* 46 U.S.C. § 30904; 46 U.S.C. §§ 31102-31103; *see also Crowder v. United States*, No. 4:00CV048, 2000 WL 33342288, at *2-3 (S.D. Ga. Oct. 18, 2000).

    **A.   The Suits in Admiralty Act and/or the Public Vessels Act apply to Counts I, II, III and IV in Plaintiff's Complaint**

A seaman who is injured because of the negligence of his private employer may ordinarily seek recovery against that employer under the Jones Act, 46 U.S.C. § 688, and under general maritime law. The SAA and PVA waive the sovereign immunity of the United States government and give claimants the right to sue the United States *in personam* for maritime claims. *Marine Coatings of Ala. v. United States*, 71 F.3d 1558, 1560-61 (11th Cir. 1996). Specifically, the SAA provides a cause of action against the United States "in cases where if a vessel owned by the United States were privately owned or operated, . . . a proceeding in admiralty could be maintained." *Justice v. United States*, 6 F.3d 1474, 1475 (11th Cir. 1993). The PVA authorizes an action in

admiralty "against the United States for damages caused by a public vessel of the United States." *Id.* "Together [the PVA and SAA] provide a cause of action for damages suffered aboard a public vessel due to negligence committed by the United States or its agents." *Id.* at 1476.

It cannot be disputed that the USNS BOBO is a public vessel, as it is a United States Navy vessel and is owned by the United States government. *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 205 (3d Cir. 2006) ("Obviously, [the USNS] designation suggests that the vessel is being operated on behalf of the United States."). Counts I through IV in Plaintiff's Complaint (i.e., Jones Act negligence, Count I; unseaworthiness, Count II; maintenance and cure, Count III; and failure to treat, Count IV) are indisputably maritime claims. Because "any suit for damages caused by a public vessel falls under the PVA . . . [and] [a]ny other admiralty claim against a federally owned vessel will fall under the [SAA]," the PVA and/or SAA apply to Counts I through IV of Plaintiff's Complaint. *Ali v. Rogers*, 780 F.3d 1229, 1234 (9th Cir. 2015)*; see also Dueitt v. United States*, 204 F. Supp. 3d 1373, 1375 (S.D. Fla. 2016) ("The PVA applies to cases where "the negligence of the personnel *in the operation of the ship*," or the ship itself, causes the damage.") (emphasis in original).

**B.  Because the PVA and SAA apply to Plaintiff's claims, the Crowley Defendants are not the appropriate defendants in Counts I, II, III, or IV**

Counts I, II, III and IV seek damages suffered aboard a public vessel due to alleged negligence by the Crowley Defendants, who were acting as agents of the United States. The SAA contains an "exclusivity clause" stating, "[i]f a remedy is

4

provided by [the SAA], it shall be exclusive of any other action arising out of the same subject matter against the officer, employee, or *agent of the United States* . . . whose act or omission gave rise to the claim." 46 U.S.C. § 30904 (emphasis added). The PVA provides that in a civil action under the statute, the provisions of the SAA apply – effectively incorporating the SAA's exclusivity provision into the PVA. *See* 46 U.S.C. § 31103; *Hook v. Raytheon Tech. Svcs. Co., LLC*, No. 6:04-cv-1490-Orl-22JGG, 2006 WL 8439551, *1 (M.D. Fla. Aug. 02, 2006). Notably, "[w]here the PVA or the SAA provides a remedy against the United States, there is no recourse against the government agent whose actions engendered the lawsuit." *Hook*, 2006 WL 8439551, at *1 (quoting *Servis v. Hiller Sys. Inc.*, 54 F.3d 203, 206 (4th Cir. 1995)). In this case, the PVA and/or the SAA provide a remedy to Plaintiff against the United States for the claims made by Plaintiff in Counts I through IV. *See, e.g., Len v. Am. Overseas Marine Corp.*, 171 F. App'x. 489, 492 (5th Cir. 2006) (affirming dismissal and holding the SAA and PVA provide a remedy to plaintiff's claims, including his claim for negligence under the Jones Act, and that the exclusivity provisions apply to those claims); *Santana v. United States*, 572 F.2d 331, 332 (1st Cir. 1977) (assessed the plaintiff's claims for Jones Act negligence and unseaworthiness brought under the PVA); *Kasprik v. United States*, 87 F.3d 462, 466 (11th Cir. 1996) (stating any action for maintenance and cure lies solely against the United States); *Emanuel v. United States*, 911 F. Supp. 459, 461 (W.D. Wash. 1995) (dismissing claim for failure to treat pursuant to the exclusivity clause of the SAA).

In determining whether agency exists for purposes of the SAA, the common law definition of agency is often used as a starting point for the analysis. *See Servis v. Hiller Sys. Inc.*, 54 F.3d 203, 207 (4th Cir. 1995); *see also Dearborn v. Mar Ship Operations, Inc.*, 113 F.3d 995, 997–98 (9th Cir. 1997); *Shaw v. United States*, 436 F. Supp. 3d 1315, 1324 (N.D. Cal. 2020). There are "[t]wo characteristics [that] appear most often to be dispositive under the opinions that have directly confronted the question of whether a private entity under contract with the United States to operate a public vessel is an agent of the United States: in order to find that a charterer is an agent of the United States, 1) the United States must exercise significant control over the charterer's activities—either day to day control or overall control and direction of the mission, and 2) the charterer must be engaged in conducting the business of the United States." *Dearborn v. Mar Ship Operations, Inc.*, 113 F.3d 995, 997–98 (9th Cir. 1997). Evidence demonstrating that the United States government exercised a significant degree of control over the vessel's operations "most often takes the form of operational contracts between the private company and the government." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 205 (3d Cir. 2006).

Crowley Government Services has a contract with the United States government, issued by the Military Sealift Command Norfolk, to operate and maintain several vessels, including the USNS BOBO (hereinafter, the "Contract").[3] A copy of the Contract is attached hereto as **"Exhibit A."** Crowley Government Services, in its

---

[3] Exhibit A at 1; 139 (§ C-1.1.4).

operation of the USNS BOBO, was and is engaged in conducting the business of the United States. As set forth in Section C-1.1.4 of the Contract, the USNS BOBO's "ship mission" was for the US Marine Corps.[4] The scope of work under the Contract is operation and maintenance of the USNS BOBO for the United States Marine Corps.[5] Therefore, Crowley Government Services is engaged in conducting the business of the United States.

Furthermore, the United States exercises significant control over Crowley Government Services regarding operation of the USNS BOBO. For instance, Crowley Government Services is required to comply with the Military Sealift Command ("MSC") Operating Manual[6] and must also comply with the operational control direction of the Operational Commander and/or the MSC Area Commander.[7] The vessel's operational missions are the subject of a classified Operational Order or Sailing Order from the United States government that "specifies exactly how the mission will be accomplished,"[8] and Crowley Government Services cannot take any "mission-aborting action" (under normal operating conditions) without the prior approval of the government.[9]

The Contract requires "Operational Commanders, the National Command Authority, Fleet Commanders and Area Commanders to direct the contractor to take

---

[4] Exhibit A at 139 (§ C-1.1.4.a).
[5] Exhibit A at 139 (§ C-1.1.4).
[6] Exhibit A at 142 (§ C-1.1.4.1).
[7] Exhibit A at 142 (§ C-1.1.5).
[8] Exhibit A at 142 (§ C-1.1.5).
[9] Exhibit A at 143 (§ C-1.6).

action."[10] Under the Contract, Crowley Government Services must operate ship equipment and machinery in accordance with applicable Military Sealift Command regulations, United States Coast Guard regulations, and American Bureau of Shipping guidance.[11] The Contract requires Crowley Government Services to "advise foreign authorities and husbanding agents that their vessel is a sovereign immune vessel of the United States."[12] Indeed, even a cursory review of the Contract reveals that the United States exercises significant control over Crowley Government Services' activities with regard to the USNS BOBO, even dictating that "the appearance, dress, and behavior of the officers and crew are a credit to the DoD and Navy."[13] *See LeBlanc v. United States*, 732 F. Supp. 709, 715 (E.D. Tex. 1990) (finding individuals to fall under the exclusivity provision of the SAA and PVA where "[t]he United States maintained the right to control generally their activities"); *Petition of U.S.*, 367 F.2d 505, 511 (3d Cir. 1966) (reviewing the contract to operate a government-owned vessel between the contractor and Military Sea Transportation Service, and holding that the exclusivity provision of the SAA applied); *Compton v. Oasis Sys., LLC*, 549 F. Supp. 3d 1173, 1180 (S.D. Cal. 2021) (finding a company that operated a government research vessel owned by the United States Navy pursuant to a government contract was an "agent of the United States").

Based on the foregoing, the Crowley Defendants are agents of the United States

---

[10] Exhibit A at 97 (§ B-1.17).
[11] Exhibit A at 211 (§ C-2.5.4).
[12] Exhibit A at 147 (§ C-1.1.11.1.1).
[13] Exhibit A at 168 (§ C-1.7.5).

and Plaintiff is precluded by the SAA and PVA from suing the Crowley Defendants.[14] *See Provence v. United States*, 649 F. Supp. 3d 157, 164 (D.S.C. 2023) (granting summary judgment in favor of Crowley Government Services and finding that Crowley Government Services was an agent of the government under the SAA); *Sena v. United States*, No. CV 07-1722 PSGJWJX, 2007 WL 2846880, at *5 (C.D. Cal. June 29, 2007) ("Since MMG and Crowley Liner Services, Inc. acted as agents of the United States at all relevant times, the claims set out in the complaint against Defendants Crowley Liner Serv., Inc. and MMG must be dismissed [pursuant to the SAA's exclusivity provision]."); *Moos v. Crowley Liner Services, Inc.*, No. C 06-03791 SI, 2006 WL 2263904, at *2 (N.D. Cal. Aug. 8, 2006) (holding claims against Crowley Liner Services were barred by the SAA because Crowley Liner Services was an agent of the United States pursuant to the provisions of their contract). Because the Crowley Defendants are agents of the United States, Plaintiff must file her claims against the United States government and this Court lacks subject matter jurisdiction over Counts I through IV of the Complaint. *See Ali v. Rogers*, 780 F.3d 1229, 1233 (9th Cir. 2015) (A district court lacks subject matter jurisdiction over SAA or PVA claims not properly brought against the United States).

---

[14] Crowley Maritime is a holding company that was not involved with the USNS BOBO. *See Provence v. United States*, 649 F. Supp. 3d 157, 160 (D. S.C. 2023) (Dismissing Crowley Maritime on summary judgment where the plaintiff did not challenge the fact that Crowley Maritime was a holding company of Crowley Government Services that was not involved with the vessel). Regardless, Plaintiff does not have a cause of action in maritime against either of the Crowley Defendants due to the exclusivity provisions of the SAA and PVA.

## II. Counts V and VI should be dismissed under Rule 12(b)(6) for failure to state a claim

Rule 12(b)(6) provides that a court may dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Pursuant to Rule 8(a), in order to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court may properly dismiss a complaint if it rests only on conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *Sarver v. Jackson*, 344 F. App'x. 526, 527 n.2 (11th Cir. 2009) (internal citations omitted). Although the Court must accept the allegations in the Complaint as true and in the light most favorable to plaintiff, the Court should ignore those allegations that contain no more than opinions or legal conclusions. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *S. Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 409 n.10 (11th Cir. 1996); *Oxford Asset Mgmt. Ltd. v. Jaharis*, 297 F.3d 1182, 1187 (11th Cir. 2002). "Conclusory allegations in the complaint need not be taken as true and the plaintiff must allege sufficient facts to support [her] allegations." *Watershed Treatment Programs, Inc. v. United Healthcare Ins. Co., Inc.*, No. 07-80091 CIV, 2007 WL 1099124, at *2 (S.D. Fla. 2007). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Brockington v. Sch. Bd. of Miami, Dade Cnty.*, No. 23-CV-21706, 2023 WL 4623595, at *2 (S.D. Fla. July 19, 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### A. Plaintiff's claims for negligence against the Crowley Defendants must be made under the Jones Act and Count V should be dismissed

Plaintiff alleges that Count V, her claim for "general negligence," is "[p]led in the alternative to the extent Defendant contends that subject incident was beyond the scope of employment."[15] However, Plaintiff has failed to adequately allege a claim for general negligence against the Crowley Defendants and Count V should be dismissed pursuant to Rule 12(b)(6).

Under general maritime law, a seaman has no cause of action against a fellow seaman or his employer for negligence. *See Chelentis v. Luckenbach Co.*, 247 U.S. 372, 380 (1918). Rather, under general maritime law, an injured seaman can recover maintenance (the right to food and lodging) and cure (the right to necessary medical services) only from the vessel owner by whom he is employed. *See id; The Osceola*, 189 U.S. 158, 169 (1903). Additionally, with the 1920 amendments to the Jones Act, Congress provided a remedy for seamen to recover damages against their employers for injuries incurred in the course of their service of the vessel. *See* 46 U.S.C. § 688. Indeed, "[t]he Jones Act [is] . . . the sole basis upon which a seaman or his beneficiaries may sue his employer for negligence." *Ivy v. Sec. Barge Lines, Inc.*, 606 F.2d 524, 525 (5th Cir. 1979);[16] *Baker v. Raymond Intern., Inc.*, 656 F.2d 173, 177 (5th Cir. 1981) ("Although recovery may be had in admiralty for negligence resulting in the injury of a person who is not an employee, the Jones Act provides the only negligence remedy

---

[15] (Doc. 1) Complaint at 14 (n. 4).
[16] Decisions of the Fifth Circuit rendered on or before September 30, 1981, are binding precedent in the Eleventh Circuit. *United States v. Brown*, 364 F.3d 1266, 1271 n. 6 (11th Cir. 2004).

for an employee against his employer.)  In sum, "[i]f a worker qualifies as a Jones Act seaman, the worker may sue his employer for Jones Act negligence, the owner of a vessel he works on for unseaworthiness, and a third party for general maritime law negligence."  *Matter of Ingram Barge Co., L.L.C.*, No. 22-30577, 2023 WL 6123107, at *2 (5th Cir. Sept. 19, 2023).  Plaintiff has failed to adequately allege that either of the Crowley Defendants are a "third-party" for purposes of Count V.

In Count V, "Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through thirty (30) as though originally alleged [in Count V]."[17]  Paragraph 17 alleges that "[w]hile aboard the vessel the Plaintiff received a salary from Defendant Crowley but remained under the joint control and supervision of Defendants Crowley, SIU and SHLSS."[18]  Therefore, Plaintiff unequivocally alleges that the Crowley Defendants are the employers.  Indeed, there are no allegations in the Complaint that the Crowley Defendants are anything but the employers of Plaintiff.  Because Plaintiff alleges an employment relationship with the Crowley Defendants, her sole remedy would be through a claim for negligence under the Jones Act.  Because Plaintiff has failed to allege sufficient ultimate facts to state a claim to relief for general maritime negligence that is plausible on its face, Count V should be dismissed.[19]

---

[17] (Doc. 1) Complaint at 15.
[18] (Doc. 1) Complaint at 4 (¶ 17).
[19] In paragraph 11 of the Complaint, Plaintiff states, "The causes of action asserted in this Complaint arise under the General Maritime Law of the United States and/or the Jones Act, 46 U.S.C. Section 688."  (Doc. 1) Complaint at 3 (¶ 11).  Notwithstanding, to the extent Plaintiff seeks to make a claim for negligence under state law, the law is clear that with respect to injuries to seamen, the Jones Act and the general maritime law of the United States preempt state law.  The Supreme Court clarified

### B. Plaintiff fails to adequately plead vicarious liability

As an initial matter, Count VI should be dismissed because, as outlined in detail above, the sole basis under which Plaintiff can sue the Crowley Defendants (whom she alleges were her employers) for negligence, is via the Jones Act. *See Ivy v. Sec. Barge Lines, Inc.*, 606 F.2d 524, 525 (5th Cir. 1979). While a claim for unseaworthiness is admittedly a claim for liability without fault arising under the general maritime law, a seaman who wishes to bring both negligence and unseaworthiness claims "must do so in a single proceeding" because these claims "are but alternative grounds of recovery for a single cause of action." *McAllister v. Magnolia Petroleum Company*, 357 U.S. 221, 224-225 (1958); *Whitney v. Moby Ruth*, 2002 A.M.C. 2742, 2002 WL 34104075, * 8 (S.D. Fla 2002). For this reason alone, Count VI should be dismissed.

Furthermore, it is clear from the face of the Complaint that the Steward who allegedly sexually assaulted Plaintiff was not acting within the scope of his employment. "Common [maritime] law . . . recognizes vicarious liability and allows an employer to be held liable for its employee's torts if committed during the scope of the employment." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1168 (11th Cir. 2021).

---

this point in *Lindgren v. United States*, 281 U.S. 38, 47 (1930), finding the Jones Act preempts the application of state law "as it covers the entire field of liability for injuries to seamen, it is paramount and exclusive, and supersedes the operation of all state statutes dealing with that subject." When determining whether state action has been preempted, the guiding principle is that "[a]lthough state law may supplement maritime law where maritime law is silent, or where a local matter is at issue, state law may not be applied where it would conflict with maritime law." *Coastal Iron Works, Inc. v. Petty Ray Geophysical*, 783 F.2d 577, 582 (5th Cir. 1986). Therefore, to the extent that Plaintiff attempts to allege a claim for negligence under Florida law, it would conflict with maritime law and thus be preempted by maritime law. *See Southern Pacific Co. v. Jensen,* 244 U.S. 205 (1916) (noting state law may not be applied so as to "disturb the uniformity of maritime law").

"[U]nder common-law principles [of respondeat superior] an employer is liable for the intentional torts of its employee committed within the scope of employment when the conduct is actuated, at least in part, by a purpose to serve the employer and, given the job duties, was not unexpectable by it." *Grant v. Entm't Cruises, Inc.*, 308 F. Supp. 3d 338, 343 (D.D.C. 2018); *Bourg v. Hebert Marine, Inc.*, CIV.A. 86-2266, 1988 WL 2690, at *3 (E.D. La. Jan. 14, 1988) ("Under the general maritime law, an employer is vicariously liable, through the doctrine of respondeat superior, for the torts of an employee committed in the course and scope of the employment."). In this case, Plaintiff alleges that she was sexually assaulted after she and the Steward had completed their "provisioning tasks."[20] When the alleged sexual assault occurred, Plaintiff and the Steward had gone to Aqua Resort, went swimming, and had drinks and dinner with their co-workers.[21] Plaintiff alleges that the Steward invited her to a movie but then indicated that going to the movies would "interfere with his plans."[22] Plaintiff further claims in paragraphs 25 and 26 that, after consuming an alcoholic beverage given to her by the Steward, she became dizzy, confused, and disoriented.[23] It is clear from the allegations in the Complaint that the Steward was acting outside the scope of his employment with Crowley when he took Plaintiff to a resort hotel room, allegedly purchased her clothing, provided her with a beverage that allegedly placed Plaintiff in a "weakened and confused stated," and allegedly sexually assaulted

---

[20] (Doc. 1) Complaint at 5 (¶ 23).
[21] (Doc. 1) Complaint at 5 (¶¶ 23-26).
[22] (Doc. 1) Complaint at 5 (¶ 23).
[23] (Doc. 1) Complaint at 5-6 (¶¶ 25-26).

14

Plaintiff.  *See Stoot v. D & D Catering Serv., Inc.*, 807 F.2d 1197, 1200 (5th Cir. 1987) (employee's action was outside the course and scope of her employment where she was motivated to cut off crewmember's fingers from anger and revenge following crewmember's personal profane statement to her rather than for reasons related to her employment).  Therefore, Count VI should be dismissed.

## CONCLUSION

For the foregoing reasons, Crowley Maritime Corporation and Crowley Government Services, Inc. request this Court dismiss Plaintiff's Complaint with prejudice.

Dated this 29th day of November, 2023.

    Respectfully submitted,

    ALEXANDER DEGANCE BARNETT, P.A.

    By: */s/ Kelly DeGance*
    Kelly DeGance
    Florida Bar No. 0606022
    E-mail: kelly.degance@adblegal.com
    Samantha Giudici Berdecia
    Florida Bar No. 0058667
    E-mail: samantha.giudici@adblegal.com
    Email: mailbox@adblegal.com
    1500 Riverside Avenue
    Jacksonville, Florida 32204
    (904) 345-3277 Telephone
    (904) 345-3294 Facsimile
    *Attorneys for Defendants' Crowley*

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida, counsel for Crowley conferred with counsel for Plaintiff via electronic mail and after being informed of the argument set forth in this motion, counsel for Plaintiff indicated that Plaintiff intends to file an Amended Complaint.

*s/Kelly DeGance*
ATTORNEY

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to counsel of record, Jason R. Margulies and Carol L. Finklehoffe, Lipcon, Margulies & Winkleman, P.A., One Biscayne Tower, Suite 1776, 2800 Ponce De Leon Blvd., Suite 1480, Coral Gables, Florida 33134 (jmargulies@lipcon.com) (cfinklehoffe@lipcon.com).

*s/Kelly DeGance*
ATTORNEY
