UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
IN ADMIRALTY
JACKSONVILLE DIVISION

CASE NO. 3:23-cv-01310 TJC-JBT

JANE DOE (D.M.)

    Plaintiff,

v.

CROWLEY MARITIME CORPORATION,
CROWLEY GOVERNMENT SERVICES,
SEAFARERS HARRY LUNDEBERG SCHOOL OF
SEAMANSHIP, SEAFARERS INTERNATIONAL UNION,
ATLANTIC, GULF, LAKES and INLAND WATERS, AFL-CIO,

    Defendants,

_____/

**<u>DEFENDANTS' SEAFARERS HARRY LUNDEBERG SCHOOL OF SEAMANSHIP AND SEAFARERS INTERNATIONAL UNION, ATLANTIC, GULF, LAKES AND INLAND WATERS, AFL-CIO ANSWER TO PLAINTIFF'S COMPLAINT</u>**

Defendants SEAFARERS HARRY LUNDEBERG SCHOOL OF SEAMANSHIP and SEAFARERS INTERNATIONAL UNION, ATLANTIC, GULF, LAKES and INLAND WATERS, AFL-CIO (the "Defendants"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, file their Answer and Affirmative Defenses to Plaintiff's, JANE DOE, ("Plaintiff") Complaint, and in support states as follows:

## PARTIES, VENUE AND CONDITIONS PRECEDENT

1. Defendants lack sufficient knowledge to admit or deny.

2. Defendants lack sufficient knowledge to admit or deny.

3. Admit.

4. Defendants lack sufficient knowledge to admit or deny.

5. No response required; plea is directed to the Crowley Defendants.

6. Admit.

7. Admit to the extent that SIU is a maritime labor union representing seafarers with its principal place of business and headquarters in Camp Springs, Maryland. Deny the remainder of the paragraph.

8. Deny. Only SIU operates in Florida.

9. Legal question to which no response is required.

10. Legal question to which no response is required.

11. Legal question to which no response is required.

12. Defendants lack sufficient knowledge to admit or deny.

## FACTS COMMON TO ALL COUNTS

13. Defendants lack sufficient knowledge to admit or deny.

14. Admit that Plaintiff was enrolled and was a student in the UA program that was offered and provided by SHLSS. Deny that SIU offered and provided the UA program.

15. Admit.

16. Deny.

17. Admit that Plaintiff received a salary from Defendant Crowley. Deny the remainder of the paragraph.

18. Admit that Plaintiff was 21 years old when she signed aboard the vessel. Deny the remainder of the paragraph.

19. Admit to the alleged Assailant's age and height. Deny the remainder of the paragraph.

20. Admit that alleged Assailant was a member of SIU. Admit that Defendant Crowley paid alleged Assailant. Deny that SIU and Crowley jointly trained, certified, and supervised him.

21. Defendants lacks sufficient knowledge to admit or deny.

22. Defendants lack sufficient knowledge to admit or deny.

23. Defendants lack sufficient knowledge to admit or deny.

24. Defendants lack sufficient knowledge to admit or deny.

25. Defendants lack sufficient knowledge to admit or deny.

26. Defendants lack sufficient knowledge to admit or deny.

27. Defendants lack sufficient knowledge to admit or deny.

28. Defendants lack sufficient knowledge to admit or deny.

29. Defendants lack sufficient knowledge to admit or deny.

30. Deny.

## COUNT I – JONES ACT NEGLIGENCE

31. Deny.

32. Deny.

33. Deny and deny subsections a through s.

34. Deny.

35. Deny.

## COUNT II - UNSEAWORTHINESS

36. Paragraphs 36 through 40 and all subsections are directed to Defendant Crowley. To the extent that any of these allegations are directed to the Defendants, they are specifically denied.

37. Paragraphs 36 through 40 and all subsections are directed to Defendant Crowley. To the extent that any of these allegations are directed to the Defendants, they are specifically denied.

38. Paragraphs 36 through 40 and all subsections are directed to Defendant Crowley. To the extent that any of these allegations are directed to the Defendants, they are specifically denied.

39. Paragraphs 36 through 40 and all subsections are directed to Defendant Crowley. To the extent that any of these allegations are directed to the Defendants, they are specifically denied.

40. Paragraphs 36 through 40 and all subsections are directed to Defendant Crowley. To the extent that any of these allegations are directed to the Defendants, they are specifically denied.

## COUNT III – FAILURE TO PROVIDE MAINTENANCE AND CURE

41. Paragraphs 41 through 45 and all subsections are directed to Defendant Crowley. To the extent that any of these allegations are directed to the Defendants they are specifically denied.

42. Paragraphs 41 through 45 and all subsections are directed to Defendant Crowley. To the extent that any of these allegations are directed to the Defendants they are specifically denied.

43. Paragraphs 41 through 45 and all subsections are directed to Defendant Crowley. To the extent that any of these allegations are directed to the Defendants they are specifically denied.

44. Paragraphs 41 through 45 and all subsections are directed to Defendant Crowley. To the extent that any of these allegations are directed to the Defendants they are specifically denied.

45. Paragraphs 41 through 45 and all subsections are directed to Defendant Crowley. To the extent that any of these allegations are directed to the Defendants they are specifically denied.

## COUNT IV – FAILURE TO TREAT

46. Paragraphs 46 through 49 and all subsections are directed to Defendant Crowley. To the extent that any of these allegations are directed to the Defendants they are specifically denied.

47. Paragraphs 46 through 49 and all subsections are directed to Defendant Crowley. To the extent that any of these allegations are directed to the Defendants they are specifically denied.

48. Paragraphs 46 through 49 and all subsections are directed to Defendant Crowley. To the extent that any of these allegations are directed to the Defendants they are specifically denied.

49. Paragraphs 46 through 49 and all subsections are directed to Defendant Crowley. To the extent that any of these allegations are directed to the Defendants they are specifically denied.

## COUNT V – GENERAL NEGLIGENCE

50. Deny.

51. Deny.

52. Deny and deny subsections a through s.

53. Deny.

54. Deny.

## COUNT VI – VICARIOUS LIABILITY

55. Paragraphs 55 through 60 and all subsections are directed to Defendant Crowley. To the extent that any of these allegations are directed to the Defendants, they are specifically denied.

56. Paragraphs 55 through 60 and all subsections are directed to Defendant Crowley. To the extent that any of these allegations are directed to the Defendants, they are specifically denied.

57. Paragraphs 55 through 60 and all subsections are directed to Defendant Crowley. To the extent that any of these allegations are directed to the Defendants, they are specifically denied.

58. Paragraphs 55 through 60 and all subsections are directed to Defendant Crowley. To the extent that any of these allegations are directed to the Defendants, they are specifically denied.

59. Paragraphs 55 through 60 and all subsections are directed to Defendant Crowley. To the extent that any of these allegations are directed to the Defendants, they are specifically denied.

60. Paragraphs 55 through 60 and all subsections are directed to Defendant Crowley. To the extent that any of these allegations are directed to the Defendants, they are specifically denied.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted. Jones Act liability is limited to the employer of seamen. Seamen only have one employer for purposes of the Jones Act. The burden is on the seamen to prove the employment relationship. The Court in <u>Cosmopolitan Shipping Co. v. McAllister</u>, 337 U.S. 783, 788 n.6, 790-91, 795 (1949) held that the Jones Act only provides the seaman with a cause of action against their employer and not against a party outside the employment relationship or outside the definition of employment and employer. A seaman only has one employer under the Jones Act, which in this case was neither of the Defendants.

Here, the Defendants are not the employers of the Plaintiff or the alleged Assailant and therefore are not liable under the Jones Act. The Plaintiff has failed to state a claim upon which relief can be granted.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert any affirmative defense or avoidance that may be disclosed during the course of additional investigation and discovery.

WHEREFORE, the Defendants answer the Complaint as set forth above.

_____
**D. Marcus Braswell, Jr. (FBN 146160)**
**Lead Counsel**
**MADISON J. LEVINE (FBN 1018311)**
**SUGARMAN, SUSSKIND,**

**BRASWELL & HERRERA**
150 Alhambra Circle, Suite 725
Coral Gables, Florida 33134
Telephone: (305) 529-2801
Email: mbraswell@sugarmansusskind.com
mlevine@sugarmansusskind.com

## CERTIFICATE OF SERVICE

I certify that on December 19, 2023, the foregoing was electronically filed with the Court by using the CM/ECF system, which serves same upon the following counsel of record.

_____
D. MARCUS BRASWELL, JR.

## Service List

**Carol Finklehoffe & Jason R. Marguiles**
**Lipcon, Margulies & Winkleman, P.A.**
cfinklehoffe@lipcon.com & jmargulies@lipcon.com
2800 Ponce de Leon Blvd., Suite 1480
Coral Gables, Florida 33134

*Attorneys for Plaintiff*

**Kelly DeGance**
kelly.degance@adblegal.com
**Samantha Giudici Berdecia**
samantha.giudici@adblegal.com
mailbox@adblegal.com
1500 Riverside Avenue
Jacksonville, Florida 32204
(904) 345-3277 Telephone | (904) 345-3294 Facsimile

*Attorneys for Defendants' Crowley*