UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JANE DOE (D.M),

    Plaintiff,

v.

CROWLEY MARITIME CORPORATION,
CROWLEY GOVERNMENT SERVICES,
SEAFARERS HARRY LUNDEBERG
SCHOOL OF SEAMANSHIP, SEAFARERS
INTERNATIONAL UNION, ATLANTIC,
GULF, LAKES and INLAND WATERS,
AFL-CIO,

    Defendants.
_____/

CASE NO: 3:23-cv-01310-TJC-JBT

**DEFENDANTS CROWLEY MARITIME CORPORATION AND CROWLEY GOVERNMENT SERVICES' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DOC. 23)**

Defendants, Crowley Maritime Corporation ("Crowley Maritime") and Crowley Government Services, Inc. ("Crowley Government Services") (collectively, the "Crowley Defendants"), file this response in opposition to Plaintiff's Motion for Leave to File Amended Complaint to Add the United States of America as a Named Defendant and to Deem the Crowley Defendants' Motion to Dismiss [D.E. 8] Moot ("Motion to Amend the Complaint").

## BACKGROUND

This case arises from Plaintiff's service on the vessel USNS 2nd LT John P BOBO (T-AK 3008) ("USNS BOBO") during Phase II of the Seafarers Harry

Lundeberg School of Seamanship and Seafarers International Union, Atlantic, Gulf, Lakes and Inland Waters, AFL-CIO's Unlicensed Apprentice Program.[1] Plaintiff alleges that she was sexually assaulted by her direct supervisor, Steward Willie Frink, while ashore at a hotel during the crew's "down time."[2]

Plaintiff's Complaint, filed on November 3, 2023, brings claims against four defendants: (1) Crowley Maritime; (2) Crowley Government Services; (3) Seafarers Harry Lundeberg School of Seamanship ("SHLSS"); and (4) Seafarers International Union, Atlantic, Gulf, Lakes and Inland Waters, AFL-CIO ("SIU").[3] In the Complaint, Plaintiff alleges the following causes of action:

- (Count I) Jones Act Negligence against all Defendants;
- (Count II) Unseaworthiness against the Crowley Defendants;
- (Count III) Maintenance and Cure against the Crowley Defendants;
- (Count IV) Failure to Treat against the Crowley Defendants;
- (Count V) General Negligence against all Defendants; and
- (Count VI) Vicarious Liability against the Crowley Defendants.[4]

On November 29, 2023, the Crowley Defendants filed a Motion to Dismiss seeking to dismiss all counts against the Crowley Defendants.[5] The Crowley Defendants argued that Counts I, II, III, and IV should be dismissed, with prejudice, because this Court lacks subject matter jurisdiction over Plaintiff's claims.[6] This is

---

[1] (Doc. 1) Complaint at 3 (¶¶ 13-15).
[2] (Doc. 1) Complaint at 4 (¶ 19), 5-6 (¶¶ 22-26).
[3] *See* (Doc. 1) Complaint.
[4] *See* (Doc. 1) Complaint.
[5] *See* (Doc. 8) Defendants Crowley Maritime Corporation and Crowley Government Services' Motion to Dismiss (hereinafter, the "Crowley Defendants' Motion to Dismiss").
[6] (Doc. 8) Crowley Defendants' Motion to Dismiss at 2-9.

because the Suits in Admiralty Act ("SAA") and/or the Public Vessels Act ("PVA") apply to Counts I, II, III, and IV and the laws provide that Plaintiff's exclusive remedy is against the United States.[7] In the Motion to Dismiss, the Crowley Defendants also argue that Counts V and VI should be dismissed because as an employee of the Crowley Defendants, Plaintiff's sole remedy is under the Jones Act, and because Plaintiff's Complaint fails to state a claim under Rule 12(b)(6).[8]

On January 5, 2024, Plaintiff filed a Motion to Amend the Complaint seeking leave to file an amended complaint and add with United States of America as a party.[9] Plaintiff attached her proposed Amended Complaint as an exhibit to the Motion to Amend the Complaint.[10]  The proposed Amended Complaint fails to address the key issue raised in the Crowley's Defendants' Motion to Dismiss; specifically, that the Crowley Defendants are agents of the United States and Plaintiff is precluded by the SAA and PVA from suing the Crowley Defendants.[11]  Plaintiff's proposed Amended Complaint further fails to address, in any manner, Plaintiff's failure to state a claim in Counts V and VI.  For these reasons, Crowley opposes Plaintiff's Motion to Amend the Complaint.

## MEMORANDUM OF LAW

A district court should "freely give leave [to amend a complaint] when justice

---

[7] (Doc. 8) Crowley Defendants' Motion to Dismiss at 2-9.
[8] (Doc. 8) Crowley Defendants' Motion to Dismiss at 10-15.
[9] (Doc. 23) Plaintiff's Motion for Leave to File Amended Complaint to Add the United States of America as a Named Defendant and to Deem the Crowley Defendants' Motion to Dismiss [D.E. 8] Moot (hereinafter, "Motion to Amend") at 2.
[10] *See* (Doc. 23-1) Seaman's [Proposed] Amended Complaint.
[11] *See* (Doc. 8) Crowley Defendants' Motion to Dismiss at 2-9.

3

so requires." Fed. R. Civ. P. 15(a)(2). However, a plaintiff's ability to amend a complaint is not without limits and may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2013). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed." *Noel v. Ledbetter*, 734 F. App'x. 715, 718 (11th Cir. 2018); *Halliburton & Associates, Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985) ("[i]f a complaint as amended is still subject to dismissal, leave to amend need not be given").

In the Amended Complaint, Plaintiff makes the following substantive revisions:

- Plaintiff adds the United States of America as a Defendant;[12]
- Plaintiff alleges jurisdiction pursuant to the SAA and PVA;[13]
- Plaintiff alleges jurisdiction, in the alternative, under the Federal Tort Claims Act;[14]
- Plaintiff alleges (Count I) Jones Act Negligence against all Defendants (the United States, the Crowley Defendants, SHLSS, and SIU);[15]
- Plaintiff alleges (Count II) Unseaworthiness against "all United States;"[16]
- Plaintiff alleges (Count III) Failure to Provide Maintenance and Cure against all Defendants;[17]
- Plaintiff alleges (Count IV) Failure to Treat against all Defendants;[18]
- Plaintiff alleges (Count V) General Negligence against "each" Defendant;[19] and
- Plaintiff alleges (Count VI) Vicarious Liability against the Crowley Defendants.[20]

---

[12] (Doc. 23-1) Seaman's [Proposed] Amended Complaint at 7 (¶¶ 7, 13).
[13] (Doc. 23-1) Seaman's [Proposed] Amended Complaint at 1-2 (¶¶ 2-4).
[14] (Doc. 23-1) Seaman's [Proposed] Amended Complaint at 2 (¶ 5).
[15] (Doc. 23-1) Seaman's [Proposed] Amended Complaint at 9-12.
[16] (Doc. 23-1) Seaman's [Proposed] Amended Complaint at 12-13.
[17] (Doc. 23-1) Seaman's [Proposed] Amended Complaint at 14-15.
[18] (Doc. 23-1) Seaman's [Proposed] Amended Complaint at 15-16.
[19] (Doc. 23-1) Seaman's [Proposed] Amended Complaint at 17-20.
[20] (Doc. 23-1) Seaman's [Proposed] Amended Complaint at 20-21.

### A. Plaintiff's amendment is futile and leave to amend should be denied

The substantive revisions to Counts I through IV in the proposed Amended Complaint fail to address Crowley's argument in its Motion to Dismiss that this Court lacks subject matter jurisdiction over Plaintiff's claims as to the Crowley Defendants. As set forth in detail in Crowley's Motion to Dismiss, Counts I, II, III and IV seek damages suffered aboard a public vessel due to alleged negligence by the Crowley Defendants, who were acting as agents of the United States.[21] The allegations in the proposed Amended Complaint clearly establish that Plaintiff improperly alleges Counts I through IV against the Crowley Defendants. Paragraphs 2 through 4 allege jurisdiction under the PVA and SAA.[22] In paragraph 20, Plaintiff alleges that "[a]t all times material hereto, United States and [the Crowley Defendants] entered into a contract for Crowley to operate, control, and maintain the subject vessel.[23] Further, in paragraph 25 of the proposed Amended Complaint, Plaintiff explicitly alleges that "[a]t all times material, [the Crowley Defendants were], engaged in conducting business of the United States.[24]

The SAA contains an "exclusivity clause" stating, "[i]f a remedy is provided by [the SAA], it shall be exclusive of any other action arising out of the same subject matter against the officer, employee, or *agent of the United States* . . . whose act or omission gave rise to the claim." 46 U.S.C. § 30904 (emphasis added). The PVA

---

[21] *See* (Doc. 8) Crowley Defendants' Motion to Dismiss at 2-9.
[22] (Doc. 23-1) Seaman's [Proposed] Amended Complaint at 1-2 (¶¶ 2-4).
[23] (Doc. 23-1) Seaman's [Proposed] Amended Complaint at 4 (¶ 20).
[24] (Doc. 23-1) Seaman's [Proposed] Amended Complaint at 5 (¶ 25).

provides that in a civil action under the statute, the provisions of the SAA apply – effectively incorporating the SAA's exclusivity provision into the PVA. *See* 46 U.S.C. § 31103; *Hook v. Raytheon Tech. Svcs. Co., LLC*, No. 6:04-cv-1490-Orl-22JGG, 2006 WL 8439551, *1 (M.D. Fla. Aug. 02, 2006). Notably, "[w]here the PVA or the SAA provides a remedy against the United States, there is no recourse against the government agent whose actions engendered the lawsuit." *Hook*, 2006 WL 8439551, at *1 (quoting *Servis v. Hiller Sys. Inc.*, 54 F.3d 203, 206 (4th Cir. 1995)). In this case, the PVA and/or the SAA provide a remedy to Plaintiff against the United States, only, for the claims made by Plaintiff in Counts I through IV. Based on the foregoing, Counts I through IV should be dismissed with prejudice as to the Crowley Defendants so Plaintiff's amendment is futile and, therefore, leave to amend should be denied.

Furthermore, Plaintiff made no substantive revisions to Count V and VI. As a result, Plaintiff's proposed Amended Complaint should be dismissed for the reasons Crowley set forth in the Motion to Dismiss.[25] Because Plaintiff's amendment is futile, leave to amend should be denied.

### B. The proposed Amended Complaint is a prohibited shotgun pleading

Plaintiff's proposed Amended Complaint fails to comply with the basic pleading requirements of Rule 8(a). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "A complaint that fails to articulate claims with sufficient

---

[25] *See* (Doc. 8) Crowley Defendants' Motion to Dismiss at 10-15.

clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Desir v. LVNV Funding, LLC*, No. 8:22-CV-1300-CEH-JSS, 2022 WL 17541755, at *1 (M.D. Fla. Dec. 8, 2022).

The 11th Circuit Court of Appeals has identified four (4) specific types of shotgun pleadings, and Plaintiff's proposed Amended Complaint falls within the fourth category. *See Weiland v. Palm Beach County Sherriff's Office*, 792 F. 3d 1313, 1321 (11th Cir. 2015). "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* Second, a "shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* And, finally, "[a]nother type of shotgun pleading is where a plaintiff asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Plaintiff's proposed Amended Complaint alleges six (6) counts, four (4) of which allege a claim against "all" or "each" of the five (5) Defendants.[26] Moreover, it is unclear whether Count II is alleged against only the United States or against both the United States and the Crowley Defendants, as the section heading states "as to all United States" but Count II contains allegations against both the United States and

---

[26] *See* (Doc. 23-1) Seaman's [Proposed] Amended Complaint.

the Crowley Defendants.[27] Each claim asserted against "Defendants" fails to indicate how the claim is directed at each defendant in the action. Therefore, none of the Defendants have any way to decipher with reasonable specificity which acts or omissions are alleged against it. *Weiland*, 792 F. 3d at 1321. Each Defendant is entitled to receive notice as to which acts or omissions are being alleged against it. *See Gazzola v. NCL (Bahamas) Ltd.*, No. 19-21535-CIV, 2019 WL 3067506, at *2 (S.D. Fla. July 12, 2019) ("[p]laintiff's Complaint, which brings a negligence claim against multiple [d]efendants, is an example of the quintessential 'shotgun pleading,' because paragraphs 12-14 group together the [d]efendants and do not specify which of the [d]efendants is responsible for which acts or omissions"). Plaintiff's allegations in Counts I, III, IV, V, and (likely) II fail to place any of the Defendants on notice which acts or omissions are alleged against them. Because Plaintiff proposes filing a prohibited shotgun pleading, Plaintiff's Motion to Amend the Complaint should be denied.

## CONCLUSION

For the foregoing reasons, Crowley Maritime Corporation and Crowley Government Services, Inc., request this Court deny Plaintiff's Motion for Leave to File Amended Complaint to Add the United States of America as a Named Defendant and to Deem the Crowley Defendants' Motion to Dismiss [D.E. 8] Moot in its entirety.

Dated this 18th day of January, 2024.

Respectfully submitted,

---

[27] (Doc. 23-1) Seaman's [Proposed] Amended Complaint at 12-13 (¶¶48-52).

ALEXANDER DEGANCE BARNETT, P.A.

By: /s/ Kelly DeGance
    Kelly DeGance
    Florida Bar No. 0606022
    E-mail: kelly.degance@adblegal.com
    Samantha Giudici Berdecia
    Florida Bar No. 0058667
    E-mail: samantha.giudici@adblegal.com
    Email: mailbox@adblegal.com
    1500 Riverside Avenue
    Jacksonville, Florida 32204
    (904) 345-3277 Telephone
    (904) 345-3294 Facsimile
    *Attorneys for Defendants' Crowley*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to counsel of record, Jason R. Margulies and Carol L. Finklehoffe, Lipcon, Margulies & Winkleman, P.A., One Biscayne Tower, Suite 1776, 2800 Ponce De Leon Blvd., Suite 1480, Coral Gables, Florida 33134 (jmargulies@lipcon.com) (cfinklehoffe@lipcon.com).

        /s/ Kelly DeGance
        ATTORNEY