UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JANE DOE (D.M.),

    Plaintiff,

v.                                              CASE NO. 3:23-cv-1310-WWB-JBT

CROWLEY MARITIME
CORPORATION, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Leave to File Amended Complaint to Add the United States of America as a Named Defendant and to Deem the Crowley Defendants' Motion to Dismiss [D.E. 8] Moot ("Motion") (Doc. 23) and Defendants' Response thereto ("Response") (Doc. 25). For the reasons stated herein, the Motion is due to be **GRANTED** and Defendants Crowley Maritime Corporation and Crowley Government Services' Motion to Dismiss ("Motion to Dismiss") (Doc. 8) will be **DENIED without prejudice as procedurally moot**.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend pleadings] when justice so requires." The Supreme Court has stated that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court further stated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.*

In the Response, Defendants argue that the Court should deny the Motion because amendment would be futile, and the proposed Amended Complaint ("AC") (Doc. 23-1) is a shotgun pleading. However, the Court cannot conclude at this time that amendment would be futile or that the proposed amended complaint is a shotgun pleading such that amendment should be denied. Defendants' substantive arguments regarding the legal sufficiency of the claims raised in the proposed AC should not be determined upon a motion to amend.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 23**) is **GRANTED**.

2. The Clerk of Court is directed to file the AC (**Doc. 23-1**) as a separate document.

3. Defendants, other than the United States, shall respond to the AC

within twenty-one (21) days after it is filed as a separate document.

4. The Motion to Dismiss (**Doc. 8**) is **DENIED without prejudice as procedurally moot**.

**DONE AND ORDERED** in Jacksonville, Florida on January 24, 2024.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record