UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
IN ADMIRALTY
JACKSONVILLE DIVISION

CASE NO. 3:23-cv-01310-WWB-JBT

JANE DOE (D.M.)

      Plaintiff,

v.

UNITED STATES OF AMERICA, CROWLEY
MARITIME CORPORATION, CROWLEY
GOVERNMENT SERVICES,  SEAFARERS HARRY
LUNDEBERG SCHOOL OF SEAMANSHIP,
SEAFARERS INTERNATIONAL UNION, ATLANTIC,
GULF, LAKES and INLAND WATERS, AFL-CIO

      Defendants,

_____/

## SEAMAN'S AMENDED COMPLAINT

Plaintiff sues Defendants and alleges:

## SUBJECT MATTER JURISIDICTION

1.    This is a case of admiralty and maritime jurisdiction. The acts complained of herein occurred upon navigable waters and involve activity which bears a significant relationship to maritime activity.

2.    This action arises under and is brought pursuant to the Suits in Admiralty Act, 46 U.S.C. §§ 30901-30913 ("SAA"). This Court has jurisdiction over this case under the SSA, as the claims involve the negligent operation of a United States vessel which caused injury to the Plaintiff, a crewmember and seafarer, upon navigable waters.

3.    This action further arises under the Public Vessels Act, 46 U.S.C. §§ 31101-31103

("PVA"). This Court has jurisdiction under the PVA, because the claims involve the negligence of a public vessel and its crew in the course of operations.

4. The Suits in Admiralty Act and the subsequently adopted Public Vessels Act are complementary jurisdictional statutes providing for admiralty suits against the United States." *Aliotti v. United States,* 221 F.2d 598, 602 (9th Cir. 1974). "[B]y virtue of their interrelated status, the SIAA and the PVA together provide original and exclusive admiralty jurisdiction in the United States district courts." *Guidry v. Durkin,* 834 F.2d 1465, 1472 (9th Cir. 1987).

5. In the event that the Suits in Admiralty Act and/or Public Vessels Act are inapplicable to the instant claims, the Plaintiff brings this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680.

## PARTIES, VENUE AND CONDITIONS PRECEDENT

6. The Plaintiff, JANE  DOE (D.M.) is a resident and citizen of Hawaii.

7. The Defendant, UNITED STATES OF AMERICA ("UNITED STATES") is sovereign nation.

8. The Defendant CROWLEY MARITIME CORPORATION ("CROWLEY MARITIME") is US owned and operated logistics, marine and energy solution company servicing commercial and government customers with its worldwide headquarters and principle place of business in Jacksonville, Florida.  CROWLEY MARITIME provides its services through its five business units, which are wholly owned subsidiaries, including CROWLEY GOVERNMENT SOLUTIONS.

9. The  Defendant  CROWLEY  GOVERNMENT  SERVICES  ("CROWLEY GOVERNMENT) is a business unit and wholly owned subsidiary of CROWLEY

MARIITME, with its worldwide headquarters and principle place of business in Jacksonville, Florida.   CROWLEY GOVERNMENT provides government customers with ship management and other maritime services.

10.     CROWLEY MARITIME and CROWLEY GOVERNMENT are hereinafter collectively referred to as "CROWLEY." [1]

11.     Defendant SEAFARERS HARRY LUNDEBERG SCHOOL OF SEAMANSHIP ("SHLSS") is a vocational school dedicated to preparing and training individuals to become U.S. Merchant Mariners. SHLSS also provides training for individuals wishing to have a career as a seafarer through its Unlicensed Apprentice Program.  SHLSS is located at and is part of the Paul Hall Center for Maritime Training and Education in Piney Point, Maryland.

12.     Defendant SEAFARERS INTERNATIONAL UNION, ATLANTIC, GULF, LAKES AND INLANDWATERS, AFL-CIO ("SIU") is a maritime labor union representing seafarers with its principle place of business and headquarters in Camp Springs, Maryland. SIU owns, operates, oversees and supervises the training center at the Paul Hall Center for Maritime Training and Education and is affiliated, sponsors, and/or joint venturer, and works in concert with SHLSS for education and training of seafarers, through various programs, including the Unlicensed Apprentice Program.

13.     At all times material, Defendant UNITED STATES was the owner, charter, and/or otherwise controlled and maintained the *USNS 2nd LT John P BOBO (T-AK 3008)*, Official No. 678106 ("BOBO" or "subject vessel").

14.     The acts complained of herein occurred on November 11, 2022, while the subject vessel

---

[1] Each count against CROWLEY, collectively referring to the CROWLEY entities which are Defendants in this case, should be considered as being alleged separately and distinctly against.

L I P C O N ,   M A R G U L I E S   &   W I N K L E M A N ,   P . A .

W W W . L I P C O N . C O M

was in navigable waters.

15.     Venue is proper as this action may be brought in the district court of the United States for

any district.  46 U.S.C §31104(b)(2).

16.     Defendants, CROWLEY, SIU and SHLSS, at all times material hereto, personally or

through an agent:

    a.  Operated, conducted, engaged in or carried on a business venture in this state and/or

county or had an office or agency in this state and/or county;

    b.  Were engaged in substantial activity within this state;

    c.  Operated vessels in the waters of this state;

    d.  Committed one or more of the acts stated in Florida Statutes, Sections 48.081,

48.181 or 48.193;

    e.  The acts of Defendants set out in this Amended Complaint occurred in whole or in

part in this county and/or state.

17.     Defendants are subject to the jurisdiction of the Courts of this state.

18.     All conditions precedent to maintaining this action have been performed, have occurred

prior to the filing of this action, or have been waived.

## FACTS COMMON TO ALL COUNTS

19.     At all times material, the vessel *USNS 2nd LT John P BOBO (T-AK 3008)*, Official No.

678106 ("BOBO" or "subject vessel") was owned by UNITED STATES.

20.     At all times material, UNITED STATES and CROWLEY entered into a contract for

CROWLEY to operate, control, and maintain the subject vessel.

21.     At all times material, the subject vessel was operated, bareboat chartered, demise chartered,

*de facto* owned by and/or otherwise controlled and maintained by CROWLEY.

22.     At all times material, CROWELY was required to maintain and ensure that the subject vessel was in port ready to get underway at any time.  As such, at all times, including while in port, crewmembers were required to be ready to get underway at any time.

23.     At all times material, CROWELY was required to provide crew and operate the subject vessel in a professional manner, complying with all rules and regulations as if it was owned by a non-government entity.

24.     At all times material, CROWLEY was required to man the vessel with crew that was trained, experienced, responsible, capable and psychologically fit.  CROWLEY was further required and responsible to indoctrinate and oversee the crew to ensure that all crew were properly trained, and to maintain safe and healthy conditions for the crew.   Training included the development of and implementation of policy for the prevention of sexual harassment.

25.     At all times material, CROWELY was engaged in conducting business of the UNITED STATES.

26.     Plaintiff enrolled and was a student in the Unlicensed Apprentice Program ("UA program") offered and provided by SIU and SHLSS.

27.     As part of Phase II of the UA program, Plaintiff was required to complete her Sea Project which consists of 200 days aboard a SIU-contract ship in the steward department utilizing classroom training with on-the-job training.

28.     Defendants SIU and SHLSS assigned the Plaintiff to work aboard the subject vessel as a Steward Assistant where she was to complete her Sea Project.

29.     While aboard the vessel the Plaintiff received a salary from Defendant CROWLEY but remained under the joint control and supervision of Defendants CROWLEY, SIU and

SHLSS.[2]

30.    At the time Plaintiff signed aboard the vessel, she was 21 years old, 5'2" tall and weighed 110lbs.

31.    Plaintiff's direct supervisor aboard the subject vessel the Steward, Willie Carnell Frink ("the Assailant").   The Assailant was 40 years old, 6' tall and weighted 268lbs.

32.    The Assailant was a member of Defendant SIU and assigned to work aboard the subject vessel.    Defendants SIU and CROWLEY jointly trained, certified, and supervised the Assailant.  Defendant CROWLEY paid the Assailant while he was assigned to the subject vessel.

33.    Immediately after she signed aboard the vessel, the Assailant began subjecting the Plaintiff to constant unwanted sexual advances, including but not limited to inappropriate remarks and unwanted physical contact.  The Assailant would assign Plaintiff specific work duties in an effort to isolate her by separating Plaintiff from her co-workers and/or assigning Plaintiff to work on tasks directly with him.   The Assailant repeatedly tried to coax the Plaintiff to come to his cabin and/or would continually try to gain entry to her cabin.  The Assailant's advances towards the Plaintiff were more overt and aggressive when he had been drinking, something that happened often.  The Assailant's inappropriate sexual advances towards the Plaintiff were so overt as to be open and obvious to the other crewmembers aboard the subject vessel.  Despite the open and obvious nature of the Assailant's inappropriate sexual advances to his direct report, the Plaintiff, no action was taken to stop his behavior.

---

[2] It is well established that a seaman may have and allege more than one employer for purposes of the Jones Act.  *See Spinks v. Chevron Oil Co.*, 507 F.2d 216 (5th Cir. 1975) "[A] seaman may have more than one Jones Act employer. . . . The defendants can sort out which between them will bear the final cost of recovery, either through common law indemnity or contribution principles, or contractual provisions . . . .")

34.   On or about November 11, 2022, the Assailant requested the Plaintiff to accompany him ashore to purchase provisions for the vessel.   The "request" was made in such a manner that Plaintiff understood it was part of her job duties to accompany him to complete this task.   Had her Assailant not "requested" her to accompany him, the Plaintiff would not have gone ashore with the Assailant and/or would not have been alone with him.   Plaintiff would have otherwise gone ashore with her co-workers.

35.   The Plaintiff and her Assailant completed the provisioning task and returned to the vessel.   The Assailant invited the Plaintiff to join him for a movie.   Plaintiff agreed as her co-workers had already gone ahead without her.   However once in the car the Assailant stated he no longer wanted to go to the movies because it would "interfere with his plans" and he had gotten a hotel room instead.   Although the Plaintiff found this surprise change of plans odd, she was not initially concerned because it was not uncommon for crewmembers to rent hotel rooms so they could gather and celebrate events such as a co-worker's birthday.

36.   Unbeknownst to the Plaintiff, her Assailant had more sinister intentions and when they got to the hotel they were the only two people present.   The Assailant then presented the Plaintiff with clothing he purchased for her and "insisted" she try them on for him.   Plaintiff quickly changed back into her own clothes and attempted to gather her things to leave the room.   The Assailant would not let her bring all of her personal belongings.

37.   Plaintiff and the Assailant then went to the Aqua Resort for a quick swim and drink before meeting up with their co-workers for dinner.   While at the Aqua Resort the Assailant purchased the Plaintiff an alcoholic beverage.   After consuming the alcoholic beverage the Plaintiff began to feel unwell.   Plaintiff was dizzy, confused, disoriented, nauseous and was periodically blacking out.

38.     The Assailant brought the Plaintiff back to the hotel room where he raped and sexually assaulted her.  Plaintiff attempted to resist, telling the Assailant "no," that she was a "virgin," and that she had her menstrual period.  However, in her weakened and confused state the Assailant easily overpowered the Plaintiff.

39.     Confused, shaken and afraid of repercussions to her job, career, and personal safety, Plaintiff tried to act as normal as possible until she got back to the vessel.

40.     The next morning the Plaintiff reported the incident to the vessel's First Mate and requested medical attention and that law enforcement be called.

41.     At no time did the Plaintiff ever consent to sexual relations with the Assailant.  At the time of the rape, Plaintiff lacked the mental capacity to consent to sexual relations. At no time did the Plaintiff ever intended to lose her virginity, while she had her menstrual period, to a man twenty years her senior who she barely knew.

42.     Prior to the Plaintiff being assigned and joining the subject vessel, the Defendants were aware of the dangers and prevalence of sexual assaults and rapes occurring aboard vessels and while on shore leave among female students and cadets being placed aboard vessels to complete their sea duties.[3]  At no time prior to joining the subject vessel or while a crew member of the subject vessel was the Plaintiff made aware of this danger.

---

[3]*Culture of Fear at Merchant Marine Academy Silences Students who say they were sexually harassed and assaulted.* https://www.cnn.com/2022/02/16/us/merchant-marine-academy-usmma-sexual-assault-rape-invs/index.html; *U.S. Coast Guard Charges Another Crowley Officer With Sexual Misconduct,* https://www.maritimelegalaid.com/foia/us-coast-guard-charges-another-crowley-officer-with-sexual-misconduct Government Reforms Training at Sea Program After Alleged Rape of 19-year-old Student, https://www.cnn.com/2021/12/15/business/us-merchant-marine-rape-allegation-sea-year-invs/index.html; *DOJ Agrees to Historic Settlement with Merchant Marine Academy Sexual Assault Victim,* https://www.politico.com/news/2020/12/09/merchant-marine-sexual-assault-settlement-443983; *Sexual Assault Victims at the US Merchant Marine Academy Reluctant to Trigger Investigations Amid Culture of Fear* https://www.cnn.com/2023/03/08/us/us-merchant-marine-academy-sexual-assault-report-invs/index.html; *Lawmakers Push For More Reforms to Prevent Sexual Assault at Sea* https://www.cnn.com/2022/03/01/politics/merchant-marine-academy-usmma-maritime-sexual-assault-bill-invs/index.html; *Commerce Committee Approves Bill to Address Sexual Misconduct in the Merchant Marine.* https://www.commerce.senate.gov/2021/12/commerce-committee-approves-bill-to-address-sexual-misconduct-in-the-merchant-marine

**COUNT I**
**JONES ACT NEGLIGENCE**
**(as to all Defendants)**

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through forty-two (42) as though originally alleged herein.

43.     It was the duty of Defendant to provide Plaintiff with a safe place to work and a safe place to live and reside aboard the vessel, including specifically a place free from unlawful harassment, including rape and sexual assault.

44.     On or about the aforementioned date(s), Plaintiff was raped and sexually assaulted by her Assailant, a crewmember employed by Defendant CROWLEY who was under the direction and control of Defendants CROWLEY and SIU, who was the Plaintiff's direct supervisor aboard the subject vessel.

45.     Plaintiff's injuries are due to the fault and negligence of Defendant and/or its agents, servants, and/or employees as follows:

    a.   Failure to provide reasonably safe conditions for the Plaintiff while working and living aboard the vessel.  Said safe conditions include, but are not limited to, the prevention of permitting an atmosphere to exist wherein employees aboard the ship could sexually assault and/or rape other crew members;

    b.   Failure to promulgate and enforce reasonable rules and regulations to insure the safety and health of the employees and crewmembers;

    c.   Failure to promulgate and enforce reasonable rules and regulations to insure that crewmembers such as Plaintiff are not sexually harassed, assaulted or raped by other crewmembers;

    d.   Failure to implement and enforce industry guidelines and rules for the prevention,

response and investigation of rapes, sexual assaults and sexual harassment;

e.   Failure to protect the Plaintiff from sexual harassment, sexual assaults, physical batteries, and rapes by other crewmembers;

f.   Failure to provide adequate training for Plaintiff and other crew members and employees in regard to preventing rapes and/or sexual assaults;

g.   Failure to adequately warn Plaintiff of the prevalence and/or dangers of rapes and/or sexual assaults aboard (a) the subject vessel, (b) aboard CROWLEY operated vessels and/or (c) aboard vessels where SIU and/or SHLSS crewmembers are assigned and/or stationed;

h.   Failure to provide the Plaintiff with reasonable care and protections in light of her age, inexperience and vulnerabilities;

i.   Failure to provide Plaintiff with same special protections Defendant CROWLEY has previously admitted must be provided to merchant marine cadets in light of their age, inexperience and vulnerabilities;

j.   Failure to reprimand, terminate and/or take steps to prevent unwanted sexual advances by the Assailant towards the Plaintiff;

k.   Failure to reprimand, terminate and/or take steps to prevent the Assailant's heavy drinking and/or public intoxication;

l.   Negligently allowing the Assailant unfettered access to Plaintiff despite his overt sexual advances towards Plaintiff and/or heavy drinking and/or public intoxication;

m.   Negligently allowing Assailant to assign Plaintiff duties in isolated areas and/or alone with Assailant in light of his overt sexual advances and/or heavy drinking and/or public intoxication;

n.   Failure to implement and/or enforce policies and procedures relating or pertaining to interactions between supervisors and direct reports;

o.   Failure to train, instruct, supervise and/or monitor crewmembers relating or pertaining to interactions between supervisors and direct reports;

p.   Failure to provide adequate supervision and/or security;

q.   Failure to report prior sexual assaults and/or rapes aboard (a) the subject vessel, (b) aboard CROWLEY operated vessels and/or (c) aboard vessels where SIU and/or SHLSS crewmembers are assigned and/or stationed, in an effort to conceal them;

r.   Failure to assist in the arrests and/or prosecutions and/or assist in the prosecutions of individuals who committed sexual assaults and/or rapes aboard (a) the subject vessel, (b) aboard CROWLEY operated vessels and/or (c) aboard vessels where SIU and/or SHLSS crewmembers are assigned and/or stationed; and/or

s.   Failure to provide prompt, proper, and adequate medical care, which aggravated Plaintiff's injuries and caused her additional pain and disability.

46.   As a direct and proximate result of the negligence of the Defendant, the Plaintiff was directly and proximately caused to be raped and sexually assaulted by the Assailant.

47.   As a result of the negligence of the Defendant, the Plaintiff was injured about her body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and her

working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free airline ticket home and back.

WHEREFORE, Plaintiff demands all damages, including prejudgment pre and post judgement interest, as permitted by law.

**COUNT II**
**UNSEAWORTHINESS**
**(as to all UNITED STATES)**

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through forty-two (42) as though originally alleged herein.

48.     At all times material, the vessel *USNS 2ⁿᵈ LT John P BOBO (T-AK 3008)*, Official No. 678106 ("BOBO" or "subject vessel") was owned by UNITED STATES.

49.     At all times material, the Plaintiff was a crewmember aboard the vessel.

50.     At all times material, Defendant CROWLEY had the absolute non-delegable duty to provide Plaintiff with a seaworthy vessel.

51.     On or about the aforementioned date(s), the unseaworthiness of the subject vessel was a legal cause of injury and damage to Plaintiff by reason of the following:

   a.   The vessel was not reasonably fit for its intended purpose;

   b.   The vessel's crew was not properly trained, instructed or supervised;

   c.   The vessel did not have a fit crew;

   d.   The vessel did not have adequate security;

e.   The vessel did not have adequate policies and/or procedures for the safety of the crew, including, but not limited to, preventing of rapes and/or sexual assaults, handling claims of rapes and/or sexual assaults, and/or preventing victims' exposure to continued threats and/or fear of incidents of rapes and/or sexual assaults occurring again;

f.   The vessel had crewmember(s) with savage and vicious disposition; and/or

g.   The vessel failed to warn of the dangers of rape, sexual assaults, and sexual harassment.

52.   As a result of the unseaworthiness of the vessel, the Plaintiff was injured about her body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and her working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including, but not limited to, free food, free shelter, free medical care, free uniforms, vacation, and free airline ticket home and back.

WHEREFORE, Plaintiff demands all damages, including prejudgment pre and post judgement interest, as permitted by law.

## COUNT III
## <u>FAILURE TO PROVIDE MAINTENANCE AND CURE</u>
### (as to all Defendants)

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through forty-two (42) as though originally alleged herein.

53.    On or about the previously stated date(s), Plaintiff was employed by Defendant as a seaman and a member of the vessel's crew. The vessel was in navigable waters.

54.    On or about the previously stated dates, Plaintiff, while in the service of the vessel as a crew member, was raped and sexually assaulted by the Assailant, a crewmember employed by Defendant and Plaintiff's direct supervisor aboard the subject vessel.

55.    Under the General Maritime Law Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant until Plaintiff is declared to have reached maximum possible cure. This includes unearned wages (regular wages, overtime, vacation pay and tips), which were reasonably anticipated to the end of the contract or voyage whichever is longer.

56.    Defendant willfully and callously delayed, failed and/or refused to pay Plaintiff's entire maintenance and refused to provide the Plaintiff the level of cure that she needs so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

57.    Defendant's willfully and callously delayed, failed and/or refused to pay Plaintiff's entire maintenance and delayed providing the Plaintiff medical care until maximum medical improvement such that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

58.    Defendant's failure to pay Plaintiff's maintenance and cure is willful, arbitrary, capricious, in violation of the law, and in callous disregard for Plaintiff's right as a seaman. As such, Plaintiff would be entitled to attorney's fee under the General Maritime Law of the United

States.   Further, Defendant unreasonably failed to pay or provide Plaintiff with maintenance and cure which aggravated her condition and caused Plaintiff to suffer additional compensatory damages including but not limited to the aggravation of Plaintiff's physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future.

WHEREFORE, Plaintiff demands all damages entitled by law, including punitive damage as permitted, and demands jury trial of all issues so triable.

**COUNT IV**
**<u>FAILURE TO TREAT</u>**
**(as to all Defendants)**

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through forty-two (42) as though originally alleged herein.

59.    It was the duty of Defendant to provide Plaintiff with prompt, proper and adequate medical care.

60.    Defendant negligently failed to provide Plaintiff with prompt, proper, adequate and complete medical care.  This conduct includes, but is not limited to:

a.   Failure to provide Plaintiff with medical care in a timely manner after her injury;

b.   Failure to properly diagnose and treat Plaintiff's injuries and conditions;

c.   Failure to provide prompt, proper, complete and adequate medical care to Plaintiff;

d.   Refusal and/or ignoring the Plaintiff's request for medical care;

e.   Failure to referring and/or transporting Plaintiff to appropriate medical providers;

f.   Failure to select and utilize competent, skilled and properly trained medical care

providers with adequate expertise with which to provide the Plaintiff with prompt, proper and adequate medical care; and/or

g.  Failure to properly medically manage Plaintiff's medical care after she was injured and provide the medical care to treat his symptoms and conditions.

61.   As a direct and proximate result of Defendant's failure, Plaintiff suffered additional pain, disability and/or Plaintiff's recovery was prolonged.  Plaintiff was injured about her body and extremities, experienced physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, lost income in the past, and her working ability and earning capacity have been impaired.  The injuries and damages suffered are permanent or continuing in nature and Plaintiff will continue to suffer these losses and impairments in the future.

62.   This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F.2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are rewardable]."

WHEREFORE, Plaintiff demands all damages entitled by law, including attorneys' fees, pre and post judgement interest, and punitive damages as permitted.

## COUNT V[4]
## <u>GENERAL NEGLIGENCE</u>
### (as to each Defendant)

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through forty-two (42) as though originally alleged herein.

63.     It was the duty of Defendant to provide Plaintiff with a safe place to work and a safe place to live and reside aboard the vessel, including specifically a place free from unlawful harassment, including rape and sexual assault.

64.     On or about the aforementioned date(s), Plaintiff was raped and sexually assaulted by her Assailant, a crewmember employed by Defendant CROWLEY who was under the direction and control of Defendants CROWLEY and SIU, who was the Plaintiff's direct supervisor aboard the subject vessel.

65.     Plaintiff's injuries are due to the fault and negligence of Defendant and/or its agents, servants, and/or employees as follows:

a.   Failure to provide reasonably safe conditions for the Plaintiff while working and living aboard the vessel.  Said safe conditions include, but are not limited to, the prevention of permitting an atmosphere to exist wherein employees aboard the ship could sexually assault and/or rape other crew members;

b.   Failure to promulgate and enforce reasonable rules and regulations to insure the safety and health of the employees and crewmembers;

c.   Failure to promulgate and enforce reasonable rules and regulations to insure that crewmembers such as Plaintiff are not raped by other crewmembers;

d.   Failure to implement and enforce industry guidelines and rules for the prevention,

---

[4] Counts V and VI are pled in the alternative to the extent Defendant contends that subject incident was beyond the scope of employment.

response and investigation of rapes, sexual assaults and sexual harassment;

e.  Failure to protect the Plaintiff from sexual harassment, sexual assaults, physical batteries, and rapes by other crewmembers;

f.  Failure to provide adequate training for Plaintiff and other crew members and employees in regard to preventing rapes and/or sexual assaults;

g.  Failure to adequately warn Plaintiff of the prevalence and/or dangers of rapes and/or sexual assaults aboard (a) the subject vessel, (b) aboard CROWLEY operated vessels and/or (c) aboard vessels where SIU and/or SHLSS crewmembers are assigned and/or stationed;

h.  Failure to provide the Plaintiff with reasonable care and protections in light of her age, inexperience and vulnerabilities;

i.  Failure to provide Plaintiff with same special protections Defendant CROWLEY has previously admitted must be provided to merchant marine cadets in light of their age, inexperience and vulnerabilities;

j.  Failure to reprimand, terminate and/or take steps to prevent unwanted sexual advances by the Assailant towards the Plaintiff;

k.  Failure to reprimand, terminate and/or take steps to prevent the Assailant's heavy drinking and/or public intoxication;

l.  Negligently allowing the Assailant unfettered access to Plaintiff despite his overt sexual advances towards Plaintiff and/or heavy drinking and/or public intoxication;

m.  Negligently allowing Assailant to assign Plaintiff duties in isolated areas and/or alone with Assailant in light of his overt sexual advances and/or heavy drinking and/or public intoxication;

n.  Failure to implement and/or enforce policies and procedures relating or pertaining to interactions between supervisors and direct reports;

o.  Failure to train, instruct, supervise and/or monitor crewmembers relating or pertaining to interactions between supervisors and direct reports;

p.  Failure to provide adequate supervision and/or security;

q.  Failure to report prior sexual assaults and/or rapes aboard (a) the subject vessel, (b) aboard CROWLEY operated vessels and/or (c) aboard vessels where SIU and/or SHLSS crewmembers are assigned and/or stationed, in an effort to conceal them;

r.  Failure to assist in the arrests and/or prosecutions and/or assist in the prosecutions of individuals who committed sexual assaults and/or rapes aboard (a) the subject vessel, (b) aboard CROWLEY operated vessels and/or (c) aboard vessels where SIU and/or SHLSS crewmembers are assigned and/or stationed; and/or

s.  Failure to provide prompt, proper, and adequate medical care, which aggravated Plaintiff's injuries and caused her additional pain and disability.

66.  As a direct and proximate result of the negligence of the Defendant, the Plaintiff was directly and proximately caused to be raped by a CROWLEY crewmember.

67.  As a result of the negligence of the Defendant,  the Plaintiff was injured about her body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and her

working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free airline ticket home and back.

WHEREFORE, Plaintiff demands all damages, including prejudgment pre and post judgement interest, as permitted by law.

## COUNT VI
## <u>VICARIOUS LIABILITY</u>
### (as to Defendant CROWLEY)

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through forty-two (42) as though originally alleged herein.

68.     At all times material hereto, Defendant CROWLEY employed crewmember, Willie Carnell Frink as the Steward aboard the subject vessel.

69.     On or about the aforementioned date(s), Willie Carnell Frink, raped and sexually assaulted the Plaintiff, while he was employed by Defendant CROWLEY.

70.     At all times material, Willie Carnell Frink, worked under the direction and control of Defendant CROWLEY.

71.      At all times material, Defendant CROWLEY had inherent authority to control its employee, Willie Carnell Frink, who raped and sexually assaulted the Plaintiff.

72.     Therefore, Defendant CROWLEY is responsible for the actions of its employee who raped and sexually assaulted the Plaintiff.

73.     As a result of the intentional and/or negligent actions of Defendant CROWLEY's employee aboard the vessel, who raped and sexually assaulted the Plaintiff,  the Plaintiff

was injured about her body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and her working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free airline ticket home and back.

WHEREFORE, Plaintiff demands all damages, including prejudgment pre and post judgement interest, as permitted by law.

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
One Biscayne Tower, Suite 1776
2800 Ponce De Leon Boulevard, Suite 1480
Coral Gables, Florida 33134
Telephone: (305) 373-3016
Fax:        (305) 373-6204
*Attorneys for Plaintiff*

By      */s/ Carol L. Finklehoffe*
JASON R. MARGULIES
Fla. Bar. No.: 57916
jmargulies@lipcon.com
CAROL L. FINKLEOFFE
Fla. Bar. No.: 0015903

cfinklehoffe@lipcon.com