UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JANE DOE (D.M),

    Plaintiff,

v.

CROWLEY MARITIME CORPORATION,
CROWLEY GOVERNMENT SERVICES,
SEAFARERS HARRY LUNDEBERG
SCHOOL OF SEAMANSHIP, SEAFARERS
INTERNATIONAL UNION, ATLANTIC,
GULF, LAKES and INLAND WATERS,
AFL-CIO,

    Defendants.
_____/

CASE NO:   3:23-cv-01310-WWB-JBT

## CROWLEY MARITIME CORPORATION AND CROWLEY GOVERNMENT SERVICES' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants, Crowley Maritime Corporation ("Crowley Maritime") and Crowley Government Services, Inc. ("Crowley Government Services") (collectively, the "Crowley Defendants"), pursuant to Federal Rules of Civil Procedure ("Rule(s)") 12(b)(1), 12(b)(3), and 12(b)(6), hereby move this Court for an order dismissing Plaintiff's Amended Complaint for lack of subject matter jurisdiction, improper venue, failure to state a claim upon which relief can be granted, and as an improper shotgun pleading.

## BACKGROUND

This case arises from Plaintiff's service on the vessel USNS 2nd LT John P BOBO (T-AK 3008) ("USNS BOBO") during Phase II of the Seafarers Harry Lundeberg School of Seamanship and Seafarers International Union, Atlantic, Gulf, Lakes and Inland

Waters, AFL-CIO's Unlicensed Apprentice Program.[1]  Plaintiff alleges that she was sexually assaulted by her direct supervisor, Steward, Willie Frink (the "Steward"), while ashore at a hotel during the crew's "down time."[2]  On January 24, 2024, Plaintiff filed an Amended Complaint which asserts claims against five defendants: (1) the United States of America; (2) Crowley Maritime; (3) Crowley Government Services; (4) Seafarers Harry Lundeberg School of Seamanship ("SHLSS"); and (5) Seafarers International Union, Atlantic, Gulf, Lakes and Inland Waters, AFL-CIO ("SIU").  The Amended Complaint alleges the following causes of action:

- (Count I) Jones Act Negligence against all Defendants;
- (Count II) Unseaworthiness against "all" the United States;
- (Count III) Maintenance and Cure against all Defendants;
- (Count IV) Failure to Treat against all Defendants;
- (Count V) General Negligence against "each Defendant;" and
- (Count VI) Vicarious Liability against the Crowley Defendants.[3]

Counts I, II, III, and IV should be dismissed, with prejudice, because this Court lacks subject matter jurisdiction over Plaintiff's claims.  In addition, Counts V and VI should be dismissed because as an employee of the Crowley Defendants, Plaintiff's sole remedy is under the Jones Act, and because Plaintiff's Amended Complaint fails to state a claim under Rule 12(b)(6).  Finally, Plaintiff has filed this cause of action in the improper venue and the Amended Complaint is an improper shotgun pleading.[4]

---

[1] (Doc. 27) Amended Complaint at 4 (¶¶ 19, 26-27).
[2] (Doc. 27) Amended Complaint at 6 (¶ 31), 7 (¶¶ 34-38).
[3] *See* (Doc. 27) Amended Complaint.
[4] "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).  The Eleventh Circuit has identified four (4) types of shotgun pleadings.  *Id.*  "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants

2

## MEMORANDUM OF LAW

**I.   Pursuant to the exclusivity provisions of the Suits in Admiralty Act and the Public Vessels Act, Counts I, II, III and IV should be dismissed**

Rule 12(b)(1) provides that a party may assert lack of subject matter jurisdiction by motion. "Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be asserted on either facial or factual grounds." *Carmichael v. Kellogg, Brown & Root Svcs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). Facial challenges are based solely on the allegations in the complaint and the Court must assume the truth of the allegations. *Id.* "However, where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits." *Id.* Here, the Crowley Defendants raise a factual attack on subject matter jurisdiction pursuant to the exclusivity clause of the Suits in Admiralty Act ("SAA"), which has been incorporated into the Public Vessels Act ("PVA"). *See* 46 U.S.C. § 30904; 46 U.S.C. §§ 31102-31103; *see also Crowder v. United States*, No. 4:00CV048, 2000 WL 33342288, at *2-3 (S.D. Ga. Oct. 18, 2000).

**A.   The Suits in Admiralty Act and/or the Public Vessels Act apply to Counts I, II, III and IV in Plaintiff's Amended Complaint**

As an initial matter, in paragraphs 2 and 3, Plaintiff alleges that the action arises and is brought under the SAA and the PVA.[5] A seaman who is injured because of the negligence of his private employer may ordinarily seek recovery against that employer under the Jones Act, 46 U.S.C. § 688, and under general maritime law. The SAA and PVA waive the sovereign immunity of the United States government and give claimants

---

adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

[5] (Doc. 27) Amended Complaint at 1-2, (¶¶ 2-3).

3

the right to sue the United States *in personam* for maritime claims. *Marine Coatings of Ala. v. United States*, 71 F.3d 1558, 1560-61 (11th Cir. 1996). Specifically, the SAA provides a cause of action against the United States "in cases where if a vessel owned by the United States were privately owned or operated, . . . a proceeding in admiralty could be maintained." *Justice v. United States*, 6 F.3d 1474, 1475 (11th Cir. 1993). The PVA authorizes an action in admiralty "against the United States for damages caused by a public vessel of the United States." *Id.* "Together [the PVA and SAA] provide a cause of action for damages suffered aboard a public vessel due to negligence committed by the United States or its agents." *Id.* at 1476.

In paragraph 13 of the Amended Complaint, Plaintiff alleges "Defendant United States was the owner, charter, and/or otherwise controlled and maintained the USNS 2nd LT John P BOBO (T-AK 3008), Official No. 678106" ("USNS BOBO").[6] Plaintiff further alleges, "[a]t all time material, the vessel [USNS BOBO] was owned by [the] United States."[7] As such, there is no dispute that the USNS BOBO is a public vessel, as it is a United States Navy vessel and is owned by the United States government. *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 205 (3d Cir. 2006) ("Obviously, [the USNS] designation suggests that the vessel is being operated on behalf of the United States.").

Counts I through IV in Plaintiff's Amended Complaint (i.e., Jones Act negligence, Count I; unseaworthiness, Count II;[8] failure to provide maintenance and cure, Count III;

---

[6] (Doc. 27) Amended Complaint at 3 (¶ 13).
[7] (Doc. 27) Amended Complaint at 4 (¶ 19).
[8] In the Amended Complaint, Count II is alleged against "all United States." *See* (Doc. 27) Amended Complaint at 12. It is unclear from the title of the cause of action and the allegations whether Count II is brought against only the United States or also against the Crowley Defendants. Indeed, Plaintiff alleges that the vessel was owned by the United States but that the Crowley Defendants had a duty to provide Plaintiff with a seaworthy

4

and failure to treat, Count IV) are indisputably maritime claims. Because "any suit for damages caused by a public vessel falls under the PVA . . . [and] [a]ny other admiralty claim against a federally owned vessel will fall under the [SAA]," the PVA and/or SAA apply to Counts I through IV of Plaintiff's Amended Complaint. *Ali v. Rogers*, 780 F.3d 1229, 1234 (9th Cir. 2015); *see also Dueitt v. United States*, 204 F. Supp. 3d 1373, 1375 (S.D. Fla. 2016) ("The PVA applies to cases where "the negligence of the personnel *in the operation of the ship*," or the ship itself, causes the damage.") (emphasis in original).

### B. Because the PVA and SAA apply to Plaintiff's claims, the Crowley Defendants are not the appropriate defendants in Counts I, II, III, or IV

Counts I, II, III and IV seek damages suffered aboard a public vessel due to alleged negligence by the Crowley Defendants, who were acting as agents of the United States. The SAA contains an "exclusivity clause" stating, "[i]f a remedy is provided by [the SAA], it shall be exclusive of any other action arising out of the same subject matter against the officer, employee, or *agent of the United States* . . . whose act or omission gave rise to the claim." 46 U.S.C. § 30904 (emphasis added). The PVA provides that in a civil action under the statute, the provisions of the SAA apply –effectively incorporating the SAA's exclusivity provision into the PVA. *See* 46 U.S.C. § 31103; *Hook v. Raytheon Tech. Svcs. Co., LLC*, No. 6:04-cv-1490-Orl-22JGG, 2006 WL 8439551, *1 (M.D. Fla. Aug. 02, 2006). Notably, "[w]here the PVA or the SAA provides a remedy against the United States, there is no recourse against the government agent whose actions engendered the lawsuit." *Hook*, 2006 WL 8439551, at *1 (quoting *Servis v. Hiller Sys. Inc.*, 54 F.3d 203, 206 (4th

---

vessel. *See* (Doc. 27) Amended Complaint at 12 (¶¶ 48, 50). Therefore, out of an abundance of caution, the Crowley Defendants include Count II in their Motion to Dismiss the Amended Complaint.

5

Cir. 1995)). In this case, the PVA and/or the SAA provide a remedy to Plaintiff against the United States for the claims made by Plaintiff in Counts I through IV. *See, e.g., Len v. Am. Overseas Marine Corp.*, 171 F. App'x. 489, 492 (5th Cir. 2006) (affirming dismissal and holding the SAA and PVA provide a remedy to plaintiff's claims, including his claim for negligence under the Jones Act, and that the exclusivity provisions apply to those claims); *Santana v. United States*, 572 F.2d 331, 332 (1st Cir. 1977) (assessed the plaintiff's claims for Jones Act negligence and unseaworthiness brought under the PVA); *Kasprik v. United States*, 87 F.3d 462, 466 (11th Cir. 1996) (stating any action for maintenance and cure lies solely against the United States); *Emanuel v. United States*, 911 F. Supp. 459, 461 (W.D. Wash. 1995) (dismissing claim for failure to treat pursuant to the exclusivity clause of the SAA).

In determining whether agency exists for purposes of the SAA, the common law definition of agency is often used as a starting point for the analysis. *See Servis v. Hiller Sys. Inc.*, 54 F.3d 203, 207 (4th Cir. 1995); *see also Dearborn v. Mar Ship Operations, Inc.*, 113 F.3d 995, 997–98 (9th Cir. 1997); *Shaw v. United States*, 436 F. Supp. 3d 1315, 1324 (N.D. Cal. 2020). There are "[t]wo characteristics [that] appear most often to be dispositive under the opinions that have directly confronted the question of whether a private entity under contract with the United States to operate a public vessel is an agent of the United States: in order to find that a charterer is an agent of the United States, 1) the United States must exercise significant control over the charterer's activities—either day to day control or overall control and direction of the mission, and 2) the charterer must be engaged in conducting the business of the United States." *Dearborn v. Mar Ship Operations, Inc.*, 113 F.3d 995, 997–98 (9th Cir. 1997). Evidence demonstrating that the

United States government exercised a significant degree of control over the vessel's operations "most often takes the form of operational contracts between the private company and the government." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 205 (3d Cir. 2006).

Crowley Government Services has a contract with the United States government, issued by the Military Sealift Command Norfolk, to operate and maintain several vessels, including the USNS BOBO (hereinafter, the "Contract").[9] A copy of the Contract is attached hereto as **"Exhibit A."** Crowley Government Services, in its operation of the USNS BOBO, was and is engaged in conducting the business of the United States. As set forth in Section C-1.1.4 of the Contract, the USNS BOBO's "ship mission" was for the U.S. Marine Corps.[10] The scope of work under the Contract is operation and maintenance of the USNS BOBO for the United States Marine Corps.[11] Indeed, Plaintiff specifically alleges that the Crowley Defendants were "engaged in conducting the business of the United States."[12]

Furthermore, the United States exercises significant control over Crowley Government Services regarding operation of the USNS BOBO. For instance, Crowley Government Services is required to comply with the Military Sealift Command ("MSC") Operating Manual[13] and must also comply with the operational control direction of the Operational Commander and/or the MSC Area Commander.[14] The vessel's operational

---

[9] (Doc. 27) Amended Complaint at 4 (¶ 20) (stating "[a]t all times material, United States and Crowley entered into a contract for Crowley to operate, control, and maintain the subject vessel"); **Exhibit A**, Military Sealift Command Norfolk Contract with Crowley Government Services, Inc. (hereinafter, "Contract") at 1; 139 (§ C-1.1.4).
[10] **Exhibit A**, Contract at 139 (§ C-1.1.4.a).
[11] **Exhibit A**, Contract at 139 (§ C-1.1.4).
[12] (Doc. 27) Amended Complaint at 5 (¶ 25).
[13] **Exhibit A**, Contract at 142 (§ C-1.1.4.1).
[14] **Exhibit A**, Contract at 142 (§ C-1.1.5).

7

missions are the subject of a classified Operational Order or Sailing Order from the United States government that "specifies exactly how the mission will be accomplished,"[15] and Crowley Government Services cannot take any "mission-aborting action" (under normal operating conditions) without the prior approval of the government.[16]

The Contract requires "Operational Commanders, the National Command Authority, Fleet Commanders and Area Commanders to direct the contractor to take action."[17] Under the Contract, Crowley Government Services must operate ship equipment and machinery in accordance with applicable Military Sealift Command regulations, United States Coast Guard regulations, and American Bureau of Shipping guidance.[18] The Contract requires Crowley Government Services to "advise foreign authorities and husbanding agents that their vessel is a sovereign immune vessel of the United States."[19] Even a cursory review of the Contract reveals that the United States exercises significant control over Crowley Government Services' activities with regard to the USNS BOBO, even dictating that "the appearance, dress, and behavior of the officers and crew are a credit to the DoD and Navy."[20] *See LeBlanc v. United States*, 732 F. Supp. 709, 715 (E.D. Tex. 1990) (finding individuals to fall under the exclusivity provision of the SAA and PVA where "[t]he United States maintained the right to control generally their activities"); *Petition of U.S.*, 367 F.2d 505, 511 (3d Cir. 1966) (reviewing the contract to operate a government-owned vessel between the contractor and Military Sea

---

[15] **Exhibit A**, Contract at 142 (§ C-1.1.5).
[16] **Exhibit A**, Contract at 143 (§ C-1.6).
[17] **Exhibit A**, Contract at 97 (§ B-1.17).
[18] **Exhibit A**, Contract at 211 (§ C-2.5.4).
[19] **Exhibit A**, Contract at 147 (§ C-1.1.11.1.1).
[20] **Exhibit A**, Contract at 168 (§ C-1.7.5).

4882-0612-0358, v. 1

Transportation Service, and holding that the exclusivity provision of the SAA applied); *Compton v. Oasis Sys., LLC*, 549 F. Supp. 3d 1173, 1180 (S.D. Cal. 2021) (finding a company that operated a government research vessel owned by the United States Navy pursuant to a government contract was an "agent of the United States").

Based on the foregoing, the Crowley Defendants are agents of the United States and Plaintiff is precluded by the SAA and PVA from suing the Crowley Defendants.[21]  *See Provence v. United States*, 649 F. Supp. 3d 157, 164 (D.S.C. 2023) (granting summary judgment in favor of Crowley Government Services and finding that Crowley Government Services was an agent of the government under the SAA); *Sena v. United States*, No. CV 07-1722 PSGJWJX, 2007 WL 2846880, at *5 (C.D. Cal. June 29, 2007) ("Since MMG and Crowley Liner Services, Inc. acted as agents of the United States at all relevant times, the claims set out in the complaint against Defendants Crowley Liner Serv., Inc. and MMG must be dismissed [pursuant to the SAA's exclusivity provision]."); *Moos v. Crowley Liner Services, Inc.*, No. C 06-03791 SI, 2006 WL 2263904, at *2 (N.D. Cal. Aug. 8, 2006) (holding claims against Crowley Liner Services were barred by the SAA because Crowley Liner Services was an agent of the United States pursuant to the provisions of their contract).  Because the Crowley Defendants are agents of the United States, Plaintiff is permitted to file her claims only against the United States government and this Court lacks subject matter jurisdiction over the Crowley Defendants as to Counts I through IV of the

---

[21] Crowley Maritime is a holding company that was not involved with the USNS BOBO. *See Provence v. United States*, 649 F. Supp. 3d 157, 160 (D. S.C. 2023) (Dismissing Crowley Maritime on summary judgment where the plaintiff did not challenge the fact that Crowley Maritime was a holding company of Crowley Government Services that was not involved with the vessel).  Regardless, Plaintiff does not have a cause of action in maritime against either of the Crowley Defendants due to the exclusivity provisions of the SAA and PVA.

Amended Complaint.[22]  *See Ali v. Rogers*, 780 F.3d 1229, 1233 (9th Cir. 2015) (A district court lacks subject matter jurisdiction over SAA or PVA claims not properly brought against the United States).

## II. Counts V and VI should be dismissed under Rule 12(b)(6) for failure to state a claim

Rule 12(b)(6) provides that a court may dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).  Pursuant to Rule 8(a), in order to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court may properly dismiss a complaint if it rests only on conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *Sarver v. Jackson*, 344 F. App'x. 526, 527 n.2 (11th Cir. 2009) (internal citations omitted).  Although the Court must accept the allegations in the Amended Complaint as true and in the light most favorable to plaintiff, the Court should ignore those allegations that contain no more than opinions or legal conclusions. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *S. Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 409 n.10 (11th Cir. 1996); *Oxford Asset Mgmt. Ltd. v. Jaharis*, 297 F.3d 1182, 1187 (11th Cir. 2002). "Conclusory allegations in the complaint need not be taken as true and the plaintiff must allege sufficient facts to support [her] allegations." *Watershed Treatment Programs, Inc. v. United Healthcare Ins. Co., Inc.*, No. 07-80091 CIV, 2007 WL 1099124, at *2 (S.D. Fla. 2007).  "To survive a motion to dismiss a complaint must contain sufficient factual matter,

---

[22] The Crowley Defendants include Count II in this argument because, due to what may be a scrivener's error, it is unclear as to whether Count II is brought only against the United States or against all Defendants.

accepted as true, to state a claim to relief that is plausible on its face." *Brockington v. Sch. Bd. of Miami, Dade Cnty.*, No. 23-CV-21706, 2023 WL 4623595, at *2 (S.D. Fla. July 19, 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

    **A.**    **Plaintiff's claims for negligence against the Crowley Defendants must be made under the Jones Act and Count V should be dismissed**

Plaintiff alleges that Count V, her claim for "general negligence," is "[p]led in the alternative to the extent Defendant contends that the subject incident was beyond the scope of employment."[23] However, Plaintiff has failed to adequately allege a claim for general negligence against the Crowley Defendants and Count V should be dismissed pursuant to Rule 12(b)(6).

Under general maritime law, a seaman has no cause of action against a fellow seaman or his employer for negligence. *See Chelentis v. Luckenbach Co.*, 247 U.S. 372, 380 (1918). Rather, under general maritime law, an injured seaman can recover maintenance (the right to food and lodging) and cure (the right to necessary medical services) only from the vessel owner by whom he is employed. *See id; The Osceola*, 189 U.S. 158, 169 (1903). Additionally, with the 1920 amendments to the Jones Act, Congress provided a remedy for seamen to recover damages against their employers for injuries incurred in the course of their service of the vessel. *See* 46 U.S.C. § 688. Indeed, "[t]he Jones Act [is] . . . the sole basis upon which a seaman or his beneficiaries may sue his employer for negligence." *Ivy v. Sec. Barge Lines, Inc.*, 606 F.2d 524, 525 (5th Cir. 1979);[24] *Baker v. Raymond Intern., Inc.*, 656 F.2d 173, 177 (5th Cir. 1981) ("Although

---

[23] (Doc. 27) Amended Complaint at 17 (n. 4).
[24] Decisions of the Fifth Circuit rendered on or before September 30, 1981, are binding precedent in the Eleventh Circuit. *United States v. Brown*, 364 F.3d 1266, 1271 n. 6 (11th Cir. 2004).

11

recovery may be had in admiralty for negligence resulting in the injury of a person who is not an employee, the Jones Act provides the only negligence remedy for an employee against his employer.)  In sum, "[i]f a worker qualifies as a Jones Act seaman, the worker may sue his employer for Jones Act negligence, the owner of a vessel he works on for unseaworthiness, and a third party for general maritime law negligence." *Matter of Ingram Barge Co., L.L.C.*, No. 22-30577, 2023 WL 6123107, at *2 (5th Cir. Sept. 19, 2023). Plaintiff has failed to adequately allege that either of the Crowley Defendants are a "third-party" for purposes of Count V.

In Count V, "Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through forty-two (42) as though originally alleged [in Count V]."[25]  In paragraph 29, Plaintiff alleges that "[w]hile aboard the vessel the Plaintiff received a salary from Defendant Crowley but remained under the joint control and supervision of Defendants Crowley, SIU and SHLSS."[26]  Therefore, Plaintiff unequivocally admits that the Crowley Defendants are the employers.  Indeed, there are no allegations in the Amended Complaint that the Crowley Defendants are anything but the employers of Plaintiff. Because Plaintiff alleges an employment relationship with the Crowley Defendants, her sole remedy would be through a claim for negligence under the Jones Act.  Because Plaintiff has failed to allege sufficient ultimate facts to state a claim to relief for general maritime negligence that is plausible on its face, Count V should be dismissed.[27]

---

[25] (Doc. 27) Amended Complaint at 17.
[26] (Doc. 27) Amended Complaint at 5-6 (¶ 29).
[27] In paragraph 17 of the Amended Complaint, Plaintiff states, "Defendants are subject to the jurisdiction of Courts of this state."  (Doc. 27) Amended Complaint at 4 (¶ 17).  To the extent Plaintiff seeks to make a claim for negligence under state law, the law is clear that with respect to injuries to seamen, the Jones Act and the general maritime law of the United States preempt state law.  The Supreme Court clarified this point in *Lindgren v.*

12

B. **Plaintiff fails to adequately plead vicarious liability**

As an initial matter, Count VI should be dismissed because, as outlined in detail above, the sole basis under which Plaintiff can sue the Crowley Defendants (whom she alleges were her employers) for negligence, is via the Jones Act. *See Ivy v. Sec. Barge Lines, Inc.*, 606 F.2d 524, 525 (5th Cir. 1979). While a claim for unseaworthiness is admittedly a claim for liability without fault arising under the general maritime law, a seaman who wishes to bring both negligence and unseaworthiness claims "must do so in a single proceeding" because these claims "are but alternative grounds of recovery for a single cause of action." *McAllister v. Magnolia Petroleum Company*, 357 U.S. 221, 224-225 (1958); *Whitney v. Moby Ruth*, 2002 A.M.C. 2742, 2002 WL 34104075, * 8 (S.D. Fla 2002). For this reason alone, Count VI should be dismissed.

Furthermore, it is clear from the face of the Amended Complaint that the Steward who allegedly sexually assaulted Plaintiff was not acting within the scope of his employment. "Common [maritime] law . . . recognizes vicarious liability and allows an employer to be held liable for its employee's torts if committed during the scope of the employment." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1168 (11th Cir. 2021). "[U]nder common-law principles [of respondeat superior] an employer is liable for the

---

*United States*, 281 U.S. 38, 47 (1930), finding the Jones Act preempts the application of state law "as it covers the entire field of liability for injuries to seamen, it is paramount and exclusive, and supersedes the operation of all state statutes dealing with that subject." When determining whether state action has been preempted, the guiding principle is that "[a]lthough state law may supplement maritime law where maritime law is silent, or where a local matter is at issue, state law may not be applied where it would conflict with maritime law." *Coastal Iron Works, Inc. v. Petty Ray Geophysical*, 783 F.2d 577, 582 (5th Cir. 1986). Therefore, to the extent that Plaintiff attempts to allege a claim for negligence under Florida law, it would conflict with maritime law and is thus preempted by maritime law. *See Southern Pacific Co. v. Jensen*, 244 U.S. 205 (1916) (noting state law may not be applied so as to "disturb the uniformity of maritime law").

13

intentional torts of its employee committed within the scope of employment when the conduct is actuated, at least in part, by a purpose to serve the employer and, given the job duties, was not unexpectable by it." *Grant v. Entm't Cruises, Inc.*, 308 F. Supp. 3d 338, 343 (D.D.C. 2018); *Bourg v. Hebert Marine, Inc.*, CIV.A. 86-2266, 1988 WL 2690, at *3 (E.D. La. Jan. 14, 1988) ("Under the general maritime law, an employer is vicariously liable, through the doctrine of respondeat superior, for the torts of an employee committed in the course and scope of the employment."). In this case, Plaintiff alleges that she was sexually assaulted after she and the Steward had completed their "provisioning tasks."[28] When the alleged sexual assault occurred, Plaintiff and the Steward had gone to Aqua Resort, went swimming, and had drinks and dinner with their co-workers.[29] Plaintiff alleges that the Steward invited her to a movie but then indicated that going to the movies would "interfere with his plans."[30] Plaintiff further claims in paragraph 37 that, after consuming an alcoholic beverage given to her by the Steward, she became dizzy, confused, and disoriented.[31] It is clear from the allegations in the Amended Complaint that the Steward was acting outside the scope of his employment with Crowley when he took Plaintiff to a resort hotel room, allegedly purchased her clothing, provided her with a beverage that allegedly placed Plaintiff in a "weakened and confused stated," and allegedly sexually assaulted Plaintiff. *See Stoot v. D & D Catering Serv., Inc.*, 807 F.2d 1197, 1200 (5th Cir. 1987) (employee's action was outside the course and scope of her employment where she was motivated to cut off crewmember's fingers from anger and

---

[28] (Doc. 27) Amended Complaint at 7 (¶ 35).
[29] (Doc. 27) Amended Complaint at 7 (¶ 37).
[30] (Doc. 27) Amended Complaint at 7 (¶ 35).
[31] (Doc. 27) Amended Complaint at 7 (¶ 37).

14

revenge following crewmember's personal profane statement to her rather than for reasons related to her employment); *see also Hunter v. United States*, 825 F. App'x. 699, 702 (11th Cir. 2020) ("Florida courts have generally held sexual torts to be outside the scope of employment"); *Goss v. Human Services Associates, Inc.*, 79 So. 3d 127, 132 (Fla. 5th DCA 2012) ("Sexual assaults and batteries committed by employees are generally held to be outside the scope of an employee's employment and, therefore, insufficient to impose vicarious liability on the employer"). Therefore, Count VI should be dismissed.

### III. Plaintiff's Amended Complaint should be dismissed because venue is improper

"Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move to dismiss an action for improper venue." *Maki v. Neptune Constr. Grp., Inc.*, 310 F. Supp. 3d 1371, 1372 (M.D. Fla. 2018). "When venue is challenged by a Rule 12(b)(3) motion, plaintiff has the burden of establishing that venue in the present forum is proper." *Liberty Media Holdings, LLC v. Wintice Grp., Inc.*, No. 610-CV-44-ORL-19GJK, 2010 WL 2367227, at *3 (M.D. Fla. June 14, 2010). "A court must accept all allegations of the complaint as true, unless contradicted by the defendant's affidavits, and when the allegation is so challenged, the court may examine facts outside of the complaint to determine whether venue is proper." *Id.* When a district court determines that the venue is improper, it should dismiss the case or, if it is in the interest of justice, transfer the case to the appropriate district. *See* 28 U.S.C. § 1406(a).

The SAA states that "a civil action under this chapter shall be brought in the district court of the United States for the district which (1) any plaintiff resides or has its principal place of business; or (2) the vessel or cargo is found." 46 U.S.C. § 30906(a). "The PVA

15

provides that a 'civil action under this chapter . . . shall be brought in the district court of the United States for the district in which the vessel or cargo is found within the United States.'" *Dueitt v. United States*, 204 F. Supp. 3d 1373, 1374 (S.D. Fla. 2016) (citing 46 U.S.C. § 31104(a)).  "A public vessel is 'found' in the district in which the vessel is physically present at the time of filing the complaint." *Id.*  Under the PVA, "there is a succession of venue inquiries, rather than a choice for the plaintiff." *Dillon v. United States*, 357 F. Supp. 3d 49, 65–66 (D. Mass. 2019).  "Congress likely intended subparts (a) and (b) to be mutually exclusive and for subpart (b) to apply only as a secondary venue if subpart (a) was not first satisfied." *Id.* at 66.  Courts have held that where an action is cognizable under both statutes, the more restrictive venue provisions of the PVA control. *Justice v. United States*, 6 F.3d 1474, 1476 n. 5 (11th Cir. 1993).

In the Amended Complaint, Plaintiff alleges that this action arises under the SAA, PVA, and alternatively, the Federal Torts Claims Act.[32]  Plaintiff erroneously alleges that, pursuant to 46 U.S.C. § 31104(b)(2), "[v]enue is proper as this action may be brought in the district court of the United States for any district."[33]  However, subsection b(2) only applies when the vessel is outside the territorial waters.  *See* 46 U.S.C. § 31104(b).  The Complaint in this case was filed on November 3, 2023.[34]  The USNS BOBO was located in Norfolk, Virginia beginning March 10, 2023, and remains in Norfolk, Virginia as of the date of filing of this Motion.[35]  On November 3, 2023, the USNS BOBO was located (i.e.

---

[32] (Doc. 27) Amended Complaint at 1-2 (¶¶ 2-3, 5).
[33] (Doc. 27) Amended Complaint at 4 (¶ 15)
[34] (Doc. 1) Complaint.
[35] **Exhibit B**, February 14, 2024 Declaration of John Tronti (hereinafter "Tronti Decl.") at 2.

"physically present") in Norfolk, Virginia.[36]  Because Plaintiff filed this case in an improper venue, the Amended Complaint should be dismissed.  *See* 28 U.S.C. § 1406(a).

## IV.  Plaintiff's Amended Complaint is a prohibited shotgun pleading

Plaintiff's Amended Complaint fails to comply with the basic pleading requirements of Rule 8(a).  A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010).  "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Desir v. LVNV Funding, LLC*, No. 8:22-CV-1300-CEH-JSS, 2022 WL 17541755, at *1 (M.D. Fla. Dec. 8, 2022).

The 11th Circuit Court of Appeals has identified four (4) specific types of shotgun pleadings, and Plaintiff's Amended Complaint falls within the fourth category.  *See Weiland v. Palm Beach County Sherriff's Office*, 792 F. 3d 1313, 1321 (11th Cir. 2015).  "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  *Id.*  Second, a "shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief."  *Id.*  And, finally, "[a]nother type of shotgun pleading is where a plaintiff asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Id.*

Plaintiff's Amended Complaint alleges six (6) counts, four (4) of which allege a

---

[36] **Exhibit B**, Tronti Decl. at 2.

claim against "all" or "each" of the five (5) Defendants.[37]  Moreover, it is unclear whether Count II is alleged against only the United States or against both the United States and the Crowley Defendants, as the section heading states "as to all United States," but Count II contains allegations against both the United States and the Crowley Defendants.[38]  Each claim asserted against "Defendants" (or asserted against all Defendants but addresses only one "Defendant") fails to indicate how the claim is directed at each Defendant in the action.  Therefore, none of the Defendants have any way to decipher with reasonable specificity which acts or omissions are alleged against them specifically.  *Weiland*, 792 F. 3d at 1321.  Each Defendant is entitled to receive notice as to which acts or omissions are being alleged against it.  *See Gazzola v. NCL (Bahamas) Ltd.*, No. 19-21535-CIV, 2019 WL 3067506, at *2 (S.D. Fla. July 12, 2019) ("Plaintiff's Complaint, which brings a negligence claim against multiple [d]efendants, is an example of the quintessential 'shotgun pleading,' because paragraphs 12-14 group together the [d]efendants and do not specify which of the [d]efendants is responsible for which acts or omissions"); *Wills v. Ally Bank, et al.* No. 6:23-CV-1354-PGB-DCI, 2023 WL 9119168, at *2 (M.D. Fla. Dec. 20, 2023), *report and recommendation adopted,* 2024 WL 81817 (M.D. Fla. Jan. 8, 2024) (stating the complaint was a shotgun pleading, in part, because plaintiffs lump all defendants together as "Defendant Ally," and "[b]y doing so, the individual [d]efendants have no notice of what they are specifically accused of").  Plaintiff's allegations in Counts I, III, IV, V, and (likely) II fail to place any of the Defendants on notice of which acts or omissions are alleged against them.  Moreover, Plaintiff's claim for

---

[37] *See* (Doc. 27) Amended Complaint.
[38] (Doc. 27) Amended Complaint at 12-13 (¶¶ 48-52).

18

negligence in Count V, is the "second type" of shotgun pleading, as it fails to separate into a different count each cause of action or claim for relief by appearing to co-mingle claims for negligent supervision, negligent training, and general negligence.  *See Finch v. Carnival Corp.*, No. 23-CV-21704, 2023 WL 7299780, at *7 (S.D. Fla. Nov. 6, 2023); *Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-24668-CIV, 2021 WL 2592914, at *8 (S.D. Fla. Apr. 23, 2021).  Because the Amended Complaint is a prohibited shotgun pleading, it should be dismissed.

## CONCLUSION

For the foregoing reasons, Crowley Maritime Corporation and Crowley Government Services, Inc. request this Court dismiss Plaintiff's Amended Complaint with prejudice.

Dated this 20th day of February, 2024.

       Respectfully submitted,

       ALEXANDER DEGANCE BARNETT, P.A.

By: *s/ Kelly DeGance*
    Kelly DeGance
    Florida Bar No. 0606022
    E-mail: kelly.degance@adblegal.com
    Samantha Giudici Berdecia
    Florida Bar No. 0058667
    E-mail: samantha.giudici@adblegal.com
    Email: mailbox@adblegal.com
    1500 Riverside Avenue
    Jacksonville, Florida 32204
    (904) 345-3277 Telephone
    (904) 345-3294 Facsimile
    *Attorneys for the Crowley Defendants*

4882-0612-0358, v. 1

**LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida, counsel for Crowley contacted counsel for Plaintiff via electronic mail on February 10, 2024 and February 14, 2024, but did not receive a response. Counsel for Crowley again contacted counsel for Plaintiff via electronic mail on February 15, 2024 and February 16, 2024.  On February 16, 2024, counsel for Plaintiff stated that counsel was "discussing this matter with [her] Partners."  Notwithstanding, as of the date of the filing of this Motion, counsel for Plaintiff has not informed counsel for Crowley of Plaintiff's position regarding the Motion.  Accordingly, Crowley will continue to try diligently for three days to contact counsel for Plaintiff regarding Plaintiff's position and will promptly supplement this Motion with a statement certifying whether the parties have resolved all or part of the Motion.

                                        *s/ Kelly DeGance*
                                        ATTORNEY

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to counsel of record, Jason R. Margulies and Carol L. Finklehoffe, Lipcon, Margulies & Winkleman, P.A., One Biscayne Tower, Suite 1776, 2800 Ponce De Leon Blvd., Suite 1480, Coral Gables, Florida 33134 (jmargulies@lipcon.com) (cfinklehoffe@lipcon.com); D. Marcus Braswell, Jr. and Jose Javier Rodriguez, 150 Alhambra Circle, Suite 725, Coral Gables, FL  33134 (mbraswell@sugarmansusskind.com) (jjr@sugarmansusskind.com).

                                        *s/ Kelly DeGance*
                                        ATTORNEY

4882-0612-0358, v. 1